### FELIX TODD v. THE STATE.

#### No. 1373. Decided April 27, 1898.

**1. Willfully Injuring a Room of a House—Indictment.**

An indictment brought under article 791, Penal Code, for willfully injuring a house, need not allege "that the injury does not come within the description of any of the offenses against property otherwise provided for by this Code."

**2. Same.**

An indictment for willfully injuring a certain room, brought under provisions of article 791, to be sufficient, must allege the nature and character of the injury in order that the defendant may know the particular accusation charged against him so as to meet it.

APPEAL from the County Court of Coryell. Tried below before Hon. T. C. TAYLOR, County Judge.

Appeal from a conviction for injuring a certain room of a house; penalty, a fine of $1.

The opinion sets out the indictment and the exceptions urged to the same. No statement necessary.

*McDowell & Sadler,* for appellant.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted, under article 791, Penal Code, of willfully injuring a certain room of a house, and his punishment assessed at a fine of $1, and he prosecutes this appeal.

Appellant made a motion to quash the indictment, which was over-ruled, and he excepted. The charging part of said indictment is as follows: That defendant "did then and there, unlawfully, willfully, wantonly, and maliciously, injure certain real and personal property, to wit, the lodge room of the Maples Lodge, No. 791, A. F. & A. M., the same being the property of said lodge, and under the care, control, and in the possession of Mut Carroll, worshipful master of same; said property being of the value of one hundred dollars." The motion to quash is based upon two propositions: First, that the indictment should have alleged that said injury does not come within the description of any of the offenses against property otherwise provided for by this Code; second, because said indictment should have stated the nature or character of the injury. With regard to the first of these objections, we do not believe it is well taken. Other offenses are matter of law, and it is not necessary, in an indictment of this character, to negative such matters. We believe the objection embodied in the second proposition is sound; that is, that the nature or character of the injury should be averred. This is a part of the definition of the offense, and should be stated, in order that appellant may know the particular accusation charged against him, so as to meet it. In this case the particular character of injury, according to the proof, consisted in befouling, discoloring, and defacing the floor of said room. This, however, was not stated. It should have been done. If the nature and character of the injury had been stated in the indictment, then it could be seen whether or not the injury came within the definition of "any other offense" covered by statute, and the question as to the validity of the information in this respect could be presented to the court by an exception. We hold that the indictment was defective, and that the same should have been quashed. The judgment is accordingly reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*