## NAT ADAMS V. THE STATE.

### No. 2667. Decided June 15, 1904.

**1.—Information—Must Be Presented by Proper Officer.**

When the allegation in the face of the information is that it is presented by F. M. Boyles, and the same is signed by Geo. H. Carter, who appears from the record to be the county attorney, the information does not appear to have been presented by the proper officer. Davidson, Presiding Judge, and Brooks, Judge, dissenting.

**2.—Evidence—Res Gestae—Same Offense.**

It was competent for the State in a prosecution under Article 791, Penal Code, to prove that appellant began digging the ditch about three or four days prior to the date alleged in the complaint, as a part of the res gestæ and which did not constitute different offenses.

**3.—Evidence—Ownership of Land Injured.**

In prosecutions under Article 791, Penal Code, the actual ownership and title to the property is involved, and the court should have admitted all legal proof offered on this question, and should have tried the case from the standpoint of actual ownership, and not of a mere possessory right of the land in question.

**4.—Charge of the Court—Value of Property Injured.**

In a prosecution under Article 791, Penal Code, the value of the whole tract of fifty acres alleged to have been injured by the digging of a little ditch on one corner of it, could not be taken into consideration.

**5.—Injuring Real Estate—Injury Must Be Wilful and Malicious.**

The injury must be willful and malicious in a prosecution under Article 791, Penal Code, and all evidence that would rebut this should be admitted and no man can be punished under it for injuring his own property.

Appeal from the County Court of Falls. Tried below before Hon. W. E. Hunnicutt.

Appeal from a conviction under article 791, Penal Code, for willfully and maliciously injuring certain real estate; penalty, a fine of $100.

Mrs. Sallie A. Smith, the main State's witness and party alleged to have been injured, testified that she owned the fifty acres of land upon which defendant dug a ditch without her permission and against her

consent; that she had ordered him and his hands to desist; that the ditch dug by defendant was within her inclosure; that it injured her land by destroying the sod and also by causing the water to stand on the low places that were dammed up; that the land was worth $20 per acre and that she did not join on to defendant's fence, but had built her own fence entirely on her land. This testimony was substantially corroborated by her son-in-law.

The defendant testified that the land upon which he dug the ditch was his land, although within the inclosure of Mrs. Smith; that he had purchased this land from Goodrich and had a deed to it; that he had had the land surveyed and knew that the ditch dug by him was on his land, and that he informed Mrs. Smith and her son-in-law that this was his land when he permitted them to join to his fence; that he dug the ditch to drain his cultivated land of water that had flowed from the tank on Mrs. Smith's land across her pasture in and through his cultivated land; that the ditch was not over six inches deep and was dug to protect his land from the water of said tank; that the land upon which he dug the ditch was next to defendant's fence, to which he had permitted Mrs. Smith to join her fence; that she had never made any claim to the land before and knew where the line was; that he had showed her the line.

This statement with that contained in the opinion is sufficient to elucidate the case upon the points decided.

*M. Connally,* for appellant.—The court erred in overruling appellant's motion to quash the information herein, because the information purports to be presented by F. M. Boyles, county attorney, when F. M. Boyles was not in fact county attorney, but George H. Carter was county attorney.

An information must be presented by the county or district attorney, and by no other person. F. M. Boyles had been county attorney and the information had been prepared upon a blank form used during his term of office and without alteration to conform to the changed conditions. White's C. C. P. Forms, sec. 569; White's C. C. P., art. 466, secs. 3, 9; Hunt v. State, 9 Texas Crim. App, 404; Brown v. State, 11 Texas Crim. App., 451; Thomas v. State, 12 Texas Crim. App., 227; Prophit v. State, 12 Texas Crim. App., 233; Thompson v. State, 15 Texas Crim. App., 39; Warren v. State, 17 Texas Crim. App., 207; Hilliard v. State, 17 Texas Crim. App., 210; Johnson v. State, 17 Texas Crim. App. 230; Wilkins v. State, 33 Texas Crim. Rep., 320; Arbuthnot v. State, 38 Texas Crim. Rep., 509.

The court erred in permitting the State, over defendant's objection, to prove by the prosecuting witness Mrs. S. A. Smith that defendant had been on her place and had begun the digging of a ditch about three or four days prior to the time alleged and prior to the time she had sworn that the ditch was dug by defendant.

The court erred in permitting the witness for the State Mrs. S. A.

Smith to testify, over the objection of defendant, that the land upon which the ditch was dug belonged to her.

The court erred in refusing to permit the defendant to introduce in evidence his deed to the land upon which the offense was alleged to have been committed by the digging of a ditch thereon.

In order to sustain a conviction it was necessary for the State to prove ownership of the land in Mrs. Smith, and the question of ownership was therefore an issue in the case and anything pertinent to the issue was admissible. The State relied for proof of ownership upon possession of Mrs. Smith alone. As we understand the rule in this character of cases proof of possession establishes a prima facie case for the State, which can be rebutted by proof of a higher title, or a title in fee. The case of Belverman v. State, 16 Texas, 130, lays down the proposition, in very clear and unambiguous language, that possession is only prima facie proof and can be rebutted by higher title. Possession alone would be good as against a mere trespasser or stranger to the title. We think this testimony would be admissible to rebut the allegation of malice and willfulness which will be noted in another portion of this brief. Belverman v. State, 16 Texas, 130; White v. State, 14 Texas Crim. App., 449; Jones v. State, 13 Texas Crim. App., 1.

In any species of malicious mischief, any proof is admissible to rebut the allegation of willfulness and malice, and to show that the defendant was acting under a claim of right, or that he believed that he had a right to do the act complained of. 19 Am. and Eng. Enc., 2 ed., 644, note 7; Woodward v. State, 33 Texas Crim. Rep., 554; Rose v. State, 19 Texas Crim. App., 470; Camp v. State, 57 S. W. Rep., 96.

*Howard Martin,* Assistant Attorney-General, for the State.—Appellant presents several bills of exception to the action of the court refusing to permit him to introduce testimony showing that he was the owner of the land upon which the ditch was dug. The State submits that the court did not err in refusing to admit this proffered testimony; that the offense was denounced by article 791 is, as the one denounced by article 794, that the inquiry should be confined to who was in the actual peaceful possession of the land at the time of the injury, and should not be extended into an inquiry into the right of possession. Carter v. State, 18 Texas Crim. App., 573; Brehens v. State, 14 Texas Crim. App., 121; Jenkins v. State, 7 Texas Crim. App., 146.

HENDERSON, JUDGE.—Appellant was convicted under article 791, Penal Code, of willfully and maliciously injuring certain real property, and his punishment assessed at a fine of $100, hence this appeal.

Appellant excepted to the information on the ground that it did not exclude the idea that the offense was covered by some other provision of the Penal Code. This question was settled adversely to appellant's contention in Todd v. State, 39 Texas Crim. Rep., 232.

Appellant made a motion to quash the information on the ground

that it appeared to have been presented by a person not authorized by law to present informations. This motion was overruled by the court. Appellant assigns the same as error. The information alleges as follows:

"In the name and by the authority of the State of Texas: F. M. Boyles, county attorney in and for the county of Falls, and State of Texas, duly elected and qualified, now here in the county court of said county, information makes, that Nat Adams, late of the county of Falls, on the 28th day of March, A. D. one thousand nine hundred and three, in the county of Falls, State of Texas, did then and there unlawfully, willfully and mischievously injure certain real property of Mrs. Sallie A. Smith, and the same being then. and there, and then being of greater value than fifty dollars, by then and there cutting and digging a ditch in and upon said real property. This information is based upon the written affidavit of P. E. Smith herewith filed. And against the peace and dignity of the State. (Signed)   Geo. H. Carter, County Attorney."

This information was filed on March 30, 1903. The affidavit charging the offense was made on the 28th of March, 1903, by P. E. Smith, before Geo. H. Carter, county attorney of Falls County, Texas. The contention here is that the affidavit and fiat to the information both show that Geo. H. Carter was at the time county attorney of Falls County; and that the allegation in the face of the information that "F. M. Boyles, county attorney,   *   *   *   makes information," is contradictory to the affidavit, and also to the signature signed to the information. It is further shown in the record that Geo. H. Carter prosecuted the case, and was recognized as the county attorney of said county. It has been held in a number of cases construing articles 465 and 466, Code of Criminal Procedure, that it was essential to allege who presented the information, and that this presentation must be by the proper officer— that is, in this case, the county attorney. This requisite is prescribed by article 466, subdivision 3. See Hunt v. State, 9 Texas Crim. App., 404; Brown v. State, 11 Texas Crim. App., 451; Thomas v. State, 12 Texas Crim. App., 227; Prophit v. State, 12 Texas Crim App., 233; Thomas v. State, 15 Texas Crim. App., 39; Warren v. State, 17 Texas Crim. App., 207; Hilliard v. State, 17 Texas Crim. App., 210; Johnson v. State, 17 Texas Crim. App., 230; Wilkins v. State, 33 Texas Crim. Rep., 320; Arbuthnot v. State, 38 Texas Crim. Rep., 509. While subdivision 9 of article 466 makes it essential that the district or county attorney sign the information officially, yet subdivision 2 of article 565 eliminates this necessity. See Rasberry v. State, 1 Texas Crim. App., 664; Jones v. State, 30 Texas Crim. App., 426. In accordance with the statute and the decisions before mentioned, we hold that the information does not appear to have been presented by the proper officer—F. M. Boyles not being county attorney at the time of the presentation. As stated, the allegation in the face of the information that the same was presented by the proper officer being essential and material, we can not

reject it as surplusage or override it with an allegation which is not material. The motion to quash was well taken.

In view of another information and trial, we hold that it was competent for the State to prove, as was done, that appellant began digging the ditch about three or four days prior to the date alleged in the complaint. This was a part of the res gestæ of the offense—being the same ditch—and was not another and distinct offense.

During the trial, the State proved by Mrs. Sallie A. Smith that the land on which the ditch was dug belonged to her. This was objected to, on the ground that her deed constituted the best evidence, and parol evidence was not admissible to prove ownership of real estate. In this connection also it may be observed that appellant offered to introduce his own deed, and to show in that connection that the locus in quo was his property. This evidence was excluded. Appellant also offered to introduce parol evidence to the same effect, which was excluded. It occurs to us that if the question of ownership of the land in question, and not merely the possession thereof, could be gone into in this character of action, that the deed would constitute the better evidence of title. Certainly if this character of proof was admissible on the part of the State, it would appear to be equally admissible on the part of appellant. And if the court was right in admitting parol evidence of ownership in Mrs. Smith, it was evidently wrong in rejecting the same character of evidence on the part of appellant. In regard to the rejection of evidence of ownership on the part of appellant, we are referred by the State to several decisions, to wit: Carter v. State, 18 Texas Crim. App., 573; Behrens v. State, 14 Texas Crim. App., 121; Jenkins v. State, 7 Texas Crim. App., 146. All these decisions relate to pulling down the fence of another, under other articles of the code; and article 791 does not appear to have been construed in this regard. Said article is in general terms, and makes it penal if any person shall willfully or maliciously injure or destroy any real property. While said article does not require in terms that the property be that of another, we think this must evidently be so; and it would follow that this allegation of ownership must be made in the complaint and information, and the proof of ownership must respond thereto. In our opinion the statute was intended as a protection of the owner against injury to his property, and not of a mere possessory right to the property. It may be true that, as in injuring timber on the land of another, proof may be made in the first instance of ownership, by evidence of actual possession; yet in such cases, where issue is made that the possessor was not the actual owner and the party alleged to have caused the injury claimed to be the actual owner of the real estate, he could make proof of such ownership by his deeds or other evidence of title. Belverman v. State, 16 Texas, 131; White v. State, 14 Texas Crim. App., 450.

Exception was reserved to the charge of the court and to the refusal of the court to give certain requested special instructions. The court evidently tried the case on the idea that the evidence preponderated in

favor of the prosecutrix's possession of the locus in quo; and that the injury for which prosecution could be maintained under article 791 was of a possessory right of the property in question, and did not involve the actual ownership. As stated, we believe the actual ownership and title to the property is involved in this character of action, and the court should have admitted all legal proof offered on this question, and should have tried the case from the standpoint of actual ownership.

Complaint is also made that the court gave a charge predicated on the value of the property being over fifty dollars, to which is affixed a higher punishment; and also instructed the jury in the charge as to the value of property being less than fifty dollars for which a less punishment is provided. We think if there was any way of ascertaining the value of this property, that the charge as given by the court was correct; but the difficulty in our minds is some rule by which to determine the value of the alleged injured property. Certainly the value of the whole tract of fifty acres could not be taken into consideration in digging a little ditch on one corner of it, as it could not be said that the whole tract of land was injured thereby. This is a novel case—the first of the kind we are aware of being prosecuted under this statute. We hold the statute was not intended to cover such a case. If it be conceded that it was so intended, then undoubtedly the question of title or actual ownership is involved, as before stated; and there must be some limitation as to the value of the particular part of the property injured. We do not believe that any man can be punished under it for injuring his own property, and as the injury must be willful and malicious, all evidence that would rebut this should be admitted. In this case the only evidence of motive (so far as we are able to gather from the record) attaching to appellant for digging the ditch was to protect his own land from overflow by reason of a tank on the land of prosecutrix which was subject to overflow, and he dug a small ditch, as he evidently believed on his own land, as he offered to show, in order to prevent water from the tank spreading over his own land.

The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*

The majority agree to the reversal of the judgment on all points save as to the information, which is sufficient. Mimms v. State, present term.

DAVIDSON, Presiding Judge.
BROOKS, Judge.