### S. P. PRICE v. THE STATE.

#### No. 3296.   Decided February 14, 1906.

**1.—Injuring Real Estate—Information—Value—Statute Construed.**

Where in a prosecution under article 791, Penal Code, the information alleged the injury to consist in knocking down and removing the lumber, etc., of a certain house attached to the land, and constituted part thereof, of the value of $100, the same was sufficient on motion to quash.

**2.—Same—Charge of Court—Legal Title—Vendors Lien.**

Upon a trial for injuring real estate, where the evidence showed that the prosecutor held a judgment foreclosing a vendor's lien upon land sold and conveyed to defendant by prosecutor, and that defendant the next day after said foreclosure knocked down and removed the house, which he had built on said land, it was error on the part of the court to charge the jury that the land was the property of the prosecutor; and to refuse defendant's special charge that the legal title was in defendant and that he had a right to remove said house.

Appeal from the County Court of Eastland. Tried below before Hon. Chas. D. Spann.

Appeal from a conviction of injuring real estate; penalty, a fine of $20.

The opinion states the case.

*J. R. Stubblefield,* for appellant.—On question of title: Ex parte Willke, 34 Texas, 156; Alvia v. State, 60 S. W. Rep., 551; Stone Land & Cattle Co. v. Boon, 73 Texas, 548; Pierce v. Moreman, 84 id., 596; Robinson v. Kampmann, 24 S. W. Rep., 529.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of injuring real estate, and his punishment fixed at a fine of $20, and appeals. The evidence shows that prosecutor, Connor, sold appellant a tract of land, being a quarter of sec. 19, Block No. 97, survey of the H. & T. C. Ry. Co., in Eastland County. The sale was made for $600. Appellant executed his six notes, each for $100, and due annually, extending over a period of six years. After buying the land, appellant built a house on it, worth about $100, and occupied it for several years, not paying anything on the purchase money. Prosecutor, Connor, sued him on the notes, and procured a judgment of foreclosure about the 24th of February, 1905. About the 25th of February, appellant still occupying the premises, knocked down the house and removed it to another piece of land near by, which he had leased. For this act he was prosecuted and convicted. This is a sufficient statement of the facts to discuss the legal questions.

Appellant moved to quash the information on the ground that no value was fixed to the land. The information was rather peculiar in this respect, and alleges the injury to consist in knocking down and removing the lumber, sash and doors, etc., of which the house was composed; that said house was attached to and constituted a part of said real estate, and was of the value of $100. Article 791, Penal Code, under which this prosecution was brought appears to require some value to be stated of the property alleged to be injured, in order to grade the punishment. See Todd v. State, 39 Texas Crim. Rep., 232. Here the real injury done to the land was to the house alleged to constitute at the time a part of the realty. Its value is alleged, and we believe this was sufficient. A number of errors are assigned, which raise some very nice questions. But under the view we take, it is only necessary to consider one question. The court in charging the jury, and throughout the trial on the proof offered, treated the land as the property of prosecutor, Earl Connor. Under the evidence this was not correct. The legal title was in appellant. Connor held an equity; that is, a vendor's lien. He might, under some of our decisions, have treated this equity as the legal title, and have sued for the land and recovered the same. On the contrary he (Connor) treated appellant as having the legal title, and simply foreclosed on the land. Under this state of affairs, it could not be said that the legal title was in prosecutor. In Adams v. State, 10 Texas Ct. Rep., 879, we held that the injury provided for in the statute referred to the land of another; and the statute says nothing about injuring the land on which one has a lien. The court's charge on this

subject assumed a contrary doctrine to that above stated; and instructed the jury, in effect, that if Earl Connor sold the land to appellant, and reserved a vendor's lien thereon, and foreclosed the same, that the title was in him (Connor). The view insisted on by appellant was embraced in special requested instructions, and presented to the court, which the court refused to give. This was to the effect that if the jury believed that Earl Connor conveyed the land described in the information to defendant, and that notes were given in payment of the same, and vendor's lien retained, and there was judgment of foreclosure in favor of prosecutor against appellant on said notes, foreclosing his lien on the land, that the legal title was in appellant, and prosecutor only had an equity, and in such case, appellant before sale, would have the right to remove said house, without violating said statute. This charge should have been given as the law of the case. Because the court announced a contrary view in his instructions to the jury, and refused to give the requested charge, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

[Motion for rehearing overruled without written opinion.—Reporter.]