W. A. Craighead v. The State.

No. 4444.　Decided February 24; 1909.

**1.—Malicious Mischief—Information.**

See opinion for information held to be sufficient for wilfully injuring personal property of another.　Following Adams v. State, 47 Texas Crim. Rep., 35, and other cases.

**2.—Same—Evidence—Intent.**

Upon trial for wilfully injuring the property of another, where the defendant contended that the telephone posts which he removed were on his land, there was no error in admitting testimony tending to show defendant's lack of sincerity in making this contention, and that he acted wilfully in the premises.

**3.—Same—Evidence—Ownership.**

Where upon trial for wilfully injuring telephone posts the property of another, there was no error in permitting prosecuting witness to show that these posts were his property.

**4.—Same—Evidence—First-Class Road.**

Upon trial for wilfully injuring the personal property of another there was no error in admitting testimony that the road along which the telephone posts were set was a first-class road, and that defendant did not leave sufficient space for such road.

**5.—Same—Sufficiency of the Evidence.**

Where upon trial for malicious mischief the evidence showed that the defendant wilfully destroyed the telephone posts of prosecutinng witness, the conviction was sustained.

Appeal from the County Court of Stephens. Tried below before the Hon. A. J. Power.

Appeal from a conviction of wilfully injuring the personal property of another; penalty, a fine of $100.

The opinion states the case.

W. P. Sebastian, for appellant.—On question of information: Bush v. The Republic, 1 Texas, 455; Allen v. State, 13 Texas Crim. App., 28; Trimble v. State, 16 Texas Crim. App., 115; Woodward v. State, 33 Texas Crim. Rep.; 554.　On question of ownership of property:　Cesure v. State, 1 Texas Crim. App., 19. On question of wilful intent: Mitchell v. State, 33 Texas Crim. Rep., 575; Rose v. State, 19 Texas Crim. App., 470.

F. J. McCord Assistant Attorney-General, and Stubblefield & Patterson, for the State.—Cited cases in opinion.

BROOKS, Judge.—Appellant was prosecuted for wilfully injuring the personal property of another and his punishment assessed at a fine of $100.

The charging part of the information is as follows: "Did unlawfully and wilfully injure and destroy certain personal property, to wit: did cut, injure and pull up posts that was to be used

as a phone line, the same being the personal property of and belonging to M. Downs, T. J. Emanial, John Taylor, J. N. Yocum, and without the consent of any of the parties interested in said property, the property injured, cut and destroyed by the said W. A. Craighead is under the value of $50." This information is sufficient. See Adams v. State, 47 Texas Crim. Rep., 35; 81 S. W. Rep., 963; Price v. State, 49 Texas Crim. Rep., 343; 92 S. W. Rep., 811, and Todd v. State, 39 Texas Crim. Rep., 232; 45 S. W. Rep., 596.

The facts in this case are in substance, as follows: M. Downs, T. J. Emanuel, John Taylor and J. N. Yocum were desirous of constructing a local telephone line, on the lower Breckenridge and Albany public road, and went before the commissioners court of Stephens County, and secured the right or permit to construct said telephone line along the said road. The defendant objected to the construction of the said telephone line, and went before said commissioners court and protested against the construction of the said telephone line along the said public road. Downs, Taylor and Emanuel and Yocum began the construction of the said line along the said public road, and on the south side of the said road, and when they got near the land of the defendant, the defendant objected to the construction of the said telephone line, and in order to prevent the construction of the said proposed telephone line, the defendant cut some of the posts and pulled up others, and injured the proposed line. This the defendant admitted at the time, or soon after he did it, and also admitted the same upon the trial of the case, but the defense which he offered was that the said posts were placed upon his own land, and contended that he had a right to remove the said posts, because they were upon his own land. The defendant testified that he thought that the posts which were to be used for the telephone poles were placed upon his land, and not in the public road, and his defense was that he had not willingly injured said poles. In response to this issue the State showed that the lower Breckenridge and Albany public road was established by the proper orders of the commissioners court of Stephens County, and that such orders had been properly recorded in the minutes of the said commissioners court. The State also showed that the said public road had been used, occupied, claimed and held in peaceable, adverse and open possession by the county for more than ten years, and that overseers had been appointed and lands apportioned to the same for more than ten years, that is, the State showed that the said road was a public road by the records of the commissioners court, and by limitation.

Appellant objected to the court permitting the witness McFall to testify as follows: "I live in Stephens County and am engaged in the telephone business. Some five or six years ago I was

engaged in the construction of a telephone line along the lower Albany and Breckenridge road, and in a conversation with Mr. Craighead, he at the time informed me that the fence on the north side of the road, where the road runs through his land was four feet north of the north line of said road, and that he, W. A. Craighead, was the owner of four feet of land in the lane, and he forbade me to place my telephone poles within six feet of the north side of the said public road, and in keeping with his instructions, I placed my telephone poles six feet from the fence on the north side of said public road." Appellant objected to this testimony on the ground that it was irrelevant, immaterial and foreign to any issue in the case. This testimony was admissible. Appellant contended in the trial of this case that the fence on the south side of the road was on his land; and here we have him asserting that the fence on the north side was on his land. This testimony would tend to prove the lack of sincerity in appellant's contention and goes to show that appellant wilfully destroyed the posts that were not on his land and that he knew the posts were not on his land.

Bill of exceptions No. 3 shows that the court permitted the prosecuting witness to testify that the telephone posts destroyed were his property and the property of the other prosecuting witnesses alleged in the information. This certainly was admissible.

Bill No. 4 complains of the same matter.

Bill No. 5 shows that the State was permitted to prove by J. N. Yocum, one of the prosecuting witnesses, that the string of fence defendant was building was about two hundred yards long and was being built in a westerly direction, and almost straight; that the string of fence commenced at defendant's cow lot gate and extended about three or four feet north to a mesquite tree and thence almost straight in a westerly direction alongside the old fence to the fish lot gate. The new line of fence which was about two hundred yards long was from about fifty feet to thirty-nine and a half feet to the fence on the north side of the road. This testimony was admissible, the proof showing that this was a first-class road and the distance between the fences showing that appellant was not leaving a first-class road, since a first-class road is not less than forty nor more than sixty feet.

The charge of the court in all respects presents the law applicable to the facts of this case and appellant's requested charges, so far as applicable, were covered in the main charge of the court.

We have carefully examined the evidence in this case in the light of appellant's argument, and brief, and must say that we think the same amply supports the verdict. We find the same discloses the fact that one moment appellant is insisting that the fence is on his land on the north side of the road and the next moment insisting that the fence is on his land on the south

side of the road. His effort to get a permit from the commissioners court to survey the road seems to be more of a pretext in order to obstruct rather than survey it. There had been no effort manifested, as shown by this record, on his part to comply with the law, but on the contrary it shows that he wilfully destroyed prosecuting witness' posts, which were placed there to build a telephone line upon, without any thought or attempt to protect his own property, and so believing the judgment should be affirmed, and it is so ordered.

*Affirmed.*