## SAFFELL *v.* STATE.

### Opinion delivered May 11, 1914.

1. CRIMINAL LAW—DAMAGING CHURCH PROPERTY—ALLEGATION OF OWNERSHIP.—It is unnecessary in an indictment charging the damaging of church property, under Kirby's Digest, § 1923, to name the owner of the property damaged. (Page 99.)

2. CRIMINAL LAW—DAMAGING CHURCH PROPERTY—ALLEGATIONS IN INDICTMENT.—An indictment under Kirby's Digest, § 1923, is properly drawn which alleges that defendant "did * * * injure, tear down and remove, a certain church building." (Page 99.)

3. CRIMINAL LAW—DAMAGE TO CHURCH PROPERTY—SPECIFIC INTENT.—A specific intent to injure some one is not an ingredient of the crime of damaging church property, denounced in Kirby's Digest, § 1923. (Page 99.)

4. CRIMINAL LAW—DAMAGE TO CHURCH PROPERTY—USE OF PROPERTY.—Defendant will be held guilty of the crime of damaging church property, under Kirby's Digest, § 1923, although the building was also used as a public schoolhouse. (Page 100.)

Appeal from Lawrence Circuit Court, Western District; *R. E. Jeffery*, Judge; affirmed.

*McCaleb & Reeder*, for appellant.

1. The demurrer should have been sustained to the indictment. It was not good at common law, as no allegation of ownership appears. 48 Ark. 57-9; 66 *Id*. 65; 14 A. & E. Enc. L. (1 ed.) p. 12; Kirby's Dig., § § 1923, 2227, subdiv. 2.

2. Reversible error was committed in the exclusion of material testimony. 117 N. W. 528; 110 Mass. 401; 118 N. W. 706; 108 S. W. 1131; 6 Atl. 619; 3 Cush. 558; 61 Atl. 9; 54 Pac. 502; 32 Am. Dec. 661; 104 N. W. 800.

3. Rejected instruction No. 1 correctly stated the law. 97 Ark. 36-7; 65 Ark. 426.

*Wm. L. Moose*, Attorney General, and *Jno. P. Streepey*, Assistant, for appellee.

1. The indictment was sufficient. Kirby's Dig., § 1923, 2233.

2. There was no error in the exclusion of evidence.

3. There was no error in the court refusing the instructions offered by appellant.

Wood, J. The appellant was convicted on an indictment which charged as follows: "That the said J. A. Saffell, in the district, county and State aforesaid, on the 30th day of December, 1913, did unlawfully, wilfully, maliciously and mischievously injure, tear down and remove a certain building known as the Harmony Church building, the same being public property," etc.

Appellant demurred to the indictment. The court overruled the demurrer, and appellant urges this ruling of the court as one of his grounds for reversal.

The statute under which appellant was indicted is as follows:

"To cut, write upon, deface, disfigure or damage any part or appurtenance of the inclosure of the Statehouse, or any other building belonging to the State, or of any church or schoolhouse, or other public building, or of any citizen of this State, when not occupied, shall be a mis-

demeanor and punishable by a fine not exceeding one hundred dollars.'' Kirby's Dig., § 1923.

The indictment was sufficient to charge the offense under the above statute. The name of the owner of the church was not necessary to identify the crime at which the statute was leveled. The language of the statute does not require the name of the owner to be mentioned. To charge in the language of the statute, or in words of the same purport, that one disfigured or damaged any church house, was sufficient. ''Where an offense involves the commission, or an attempt to commit, an injury to person or property, and is described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the person injured, or attempted to be injured, is not material.'' Kirby's Dig., § 2233.

Even if the indictment had erroneously designated the particular denomination, or the trustees thereof holding the title for the members of the church, still the indictment would not have been defective on that account. The words ''injure, tear down and remove'' are certainly broad enough to include the words ''deface, disfigure or damage.''

The indictment was sufficient to advise the appellant of the crime with which he was charged, and he was not prejudiced because of the failure to use the precise words of the statute. See Kirby's Digest, § 2229.

2. The appellant complains because the court refused to allow him to testify that in tearing down the building he did not have any intention of injuring anybody. To constitute the offense charged, it was not necessary that the appellant should have had the specific intention of injuring any one. A specific intent to injure some one is not an ingredient of the crime charged, and if one tears down, injures or damages a church house he is guilty, under the statute, of a misdemeanor, whether he intended to injure any specific individual or many individuals or not. The offense is complete when the act

is done, regardless of the intent of the offender in the commission of the unlawful act.

There was testimony to the effect that the church house was also used as a schoolhouse. Appellant complains because the court refused to grant prayers for instructions to the effect that the appellant would not be guilty by reason of the school district having occupied the building for school purposes. The ruling of the court in refusing these prayers was not prejudicial error. Appellant was not charged with injuring a schoolhouse, and there is no contention that the building alleged in the indictment was not a church house. Therefore, appellant would be none the less guilty because the property was also a schoolhouse as well as a church house. The appellant is in no attitude to complain because the court refused to submit the issue as to whether the house mentioned was used for a schoolhouse as well as for church purposes. Appellant himself testified that he donated the site for church purposes and executed a deed to three trustees. There is nothing to show that the land was ever reconveyed to the appellant, and the testimony warranted the jury in finding that the use of the building had not been abandoned for church purposes. There was nothing to show that the title was to revert to the appellant even if it had been abandoned for church purposes. The undisputed evidence showed that the house alleged was a church house, named Harmony Church, and that it was torn down by appellant.

There is no error in the record, and the judgment is affirmed.