**The People of the State of Illinois, Defendant in Error, v. Arthur W. Robertson et al., Plaintiffs in Error.**

**Gen. No. 23,481.   (Not to be reported in full.)**

Error to the Criminal Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed April 16, 1918. Rehearing denied April 29, 1918.

### Statement of the Case.

Indictment by the People of the State of Illinois against Arthur W. Robertson and others, defendants, charging a criminal conspiracy to procure dynamite

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

with intent to use the same for unlawful injury to and the unlawful destruction of property. To reverse a judgment on a verdict finding them guilty, defendants prosecute this writ of error.

MAHER & CARON and CHARLES P. R. MACAULAY, for plaintiffs in error.

MACLAY HOYNE, EDWARD E. WILSON and JAMES C. O'BRIEN, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. CONSPIRACY, § 43*—*when indictment need not specify persons or property.* Where the object of a conspiracy is general, it is not necessary that an indictment therefor specify the persons or property at which it is aimed.

2. CONSPIRACY, § 43*—*when failure to specify in indictment persons or property at which intended injury is aimed is not ground for reversal.* Where, in a prosecution under Rev. St. ch. 38, par. 54h (J. & A. ¶ 3640), for conspiracy to procure dynamite with intent to use it for unlawful injury to and. unlawful destruction of property, there is evidence that, while the conspiracy was primarily directed against the property of a certain corporation, the plan necessarily involved injury to the property of others in the neighborhood, and that acts in pursuance thereof did injure, or would, if consummated, have injured, such other property, failure to specify in the indictment the particular person or property at which the intended injury was aimed is not ground for reversal.

3. CONSPIRACY, § 35*—*when indictment in language of statute is sufficient.* An indictment for conspiracy to procure dynamite with intent to use it for unlawful injury to and destruction of property, in violation of Rev. St. ch. 38, par. 54h (J. & A. ¶ 3640), is sufficient where it follows the language of the statute, even though the person and property intended to be injured are not specified.

4. CONSPIRACY, § 21*—*merger of conspiracy to commit felony in felony.* The doctrine that a conspiracy to commit a felony is

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

merged in the felony, where the evidence shows that a felony was committed, is practically abrogated in Illinois.

5. CONSPIRACY, § 47*—*what does not constitute variance between indictment and proof.* The fact that the indictment for a conspiracy to procure dynamite with the intent to use it for the unlawful injury of property does not specify the person whose property was to be injured, while the evidence showed that the object of the conspiracy was the injury of the property of a certain corporation, does not constitute a variance where the evidence shows that the plan pursued would naturally, and did, result in injury to the property of others in the neighborhood of the corporation's property.

6. CONSPIRACY—*what constitutes to procure dynamite to use for unlawful purposes.* On an indictment for a conspiracy to "procure" dynamite to use for the unlawful injury of property, even though the evidence shows that one of the defendants took the initiative without the knowledge of the others and stole and hid the dynamite, still if they acted in concert under a plan to go and get it from the hiding place for the purpose of making the unlawful use, there was a conspiracy to "procure."

7. CRIMINAL LAW, § 156a*—*when refusal to admit entire confession of codefendant is not error.* Where, on an indictment for conspiracy, the prosecution introduces in evidence confessions made by the defendants only so far as each confession affects the defendant making it, and, on cross-examination, defendants' counsel ask for the entire statement, expressly stating to the court, however, that if the answer evokes anything implicating other defendants than the one making the confession they will move to strike the entire statement from the record, and no purpose or effort to learn whether the rest of the statement will benefit the defendants is disclosed, a refusal to admit the entire statement is not error.

8. CRIMINAL LAW, § 494*—*when defendant may not complain of failure to read portion of instruction to jury.* Where the trial court, after reading so much of one of defendant's instructions as it had intended to give, by mistake handed the entire instruction to the jury without striking out the part which it did not intend to give, the defendant cannot complain, on a writ of error, that the latter part was not read to the jury.

9. CRIMINAL LAW—*when not error to include imprisonment in penitentiary in instruction as to different forms of punishment.* On a criminal prosecution, it is not error to include imprisonment in the penitentiary in the instruction as to the different forms of punishment which may be prescribed in the verdict, even though

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

defendant testified at one time that he was 24 years of age and at another that he was 25, where he subsequently repudiated these statements by saying that he did not know his age and admitted previously giving a written statement showing that he was more than 25.

10. CRIMINAL LAW, § 297*—*when not error to fail to instruct as to involuntary confession.* On a criminal prosecution in which a confession is introduced in evidence, it is not error to fail to instruct as to the effect of an involuntary confession where there is nothing in the evidence tending to show that the confession was not voluntary, but defendant merely denies that it was made at all.

