[No. 21745. Department One. April 16, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. THOMAS J. WOODHOUSE, *Appellant*.[1]

*John J. Sullivan*, for appellant.

*Ewing D. Colvin* and *R. M. Burgunder*, for respondent.

[1]Reported in 276 Pac. 539.

BEALS, J.—The defendant was charged with violation of Rem. Comp. Stat., § 2653.

"Every person who shall maliciously, by the explosion of gunpowder or any other explosive substance or material, destroy or damage any building, car, vessel, railroad track or structure, shall be punished as follows:

"(1) If thereby the life or safety of a human being is endangered, by imprisonment in the state penitentiary for not more than twenty years.

"(2) In every other case by imprisonment in the state penitentiary for not more than five years."

That portion of the information containing a statement of the offense of which it was alleged the defendant was guilty reads as follows:

"He, said Thomas J. Woodhouse, in the county of King, state of Washington, on the 23d day of April, A. D. 1928, willfully, unlawfully, maliciously and feloniously did then and there damage the building of Mann and Mann, Inc., a corporation, situate at the northwest corner of Third avenue and Union street, in the city of Seattle, said county and state, by then and there, willfully, unlawfully, maliciously, and feloniously depositing, placing, and exploding some explosive substance and material to the prosecuting attorney unknown, upon, against and near said building, thereby endangering the lives and safety of human beings in and near said building."

Defendant demurred to the information on the ground that the facts stated therein were not sufficient to charge any offense under the statute, and upon his demurrer being overruled, pleaded not guilty. The trial resulted in a verdict of guilty, upon which judgment was entered and sentence imposed, from which judgment and sentence defendant appeals.

Appellant assigns error upon the overruling of his demurrer to the information, upon rulings of the trial court holding the evidence sufficient to support the

verdict of guilty, and upon the trial court's action in overruling appellant's motion for a new trial and entering judgment and sentence against appellant.

In support of the proposition that the information is insufficient, appellant urges that the nature or character of the damage which resulted to the building from the explosion, which it is alleged was unlawfully caused by appellant, should have been set forth. It does not appear that appellant moved the superior court for an order directing that the information be made more definite and certain, or that a bill of particulars be furnished setting forth the items of damage which resulted from the explosion. It is, of course, true that, if, in such a case as this, specific allegations as to the resulting damage are necessary as part of the offense sought to be charged by the information, appellant's demurrer should have been sustained; and for error in overruling the same, the judgment entered should be reversed by this court. An indictment or information must allege facts constituting all necessary elements of the offense sought to be charged thereby, and appellant cites cases in which courts of other jurisdictions have held that, in prosecutions for malicious trespass, the indictment should set forth the nature of the damage to the property, and that a charge in merely the words of the statute was insufficient.

The cases relied upon by appellant were brought under statutes which seem more nearly to correspond to Rem. Comp. Stat., § 2659, subd. 6, making it a misdemeanor to "damage or deface any building or part thereof, or throw any stone or other missile at any such building or part thereof." In the cases of *State v. Aydelott*, 7 Blackf. (Ind.) 157, and *Regina v. Spain*, 18 Ont. 385, it was held that indictments charging malicious mischief in the words of the statute were insuf-

ficient, the particular damage or the specific injury done not being alleged.

In the case of *State v. Costello,* 62 Conn. 128, 25 Atl. 477, the defendant was indicted for willful injury to a church, it being believed that he was the person who had drawn obscene pictures upon the walls thereof. The indictment simply charged him with having injured a "public building and house of worship," and the court held that the particular injury done should have been alleged. The court of criminal appeals of Texas in the case of *Todd v. State,* 39 Tex. Cr. 232, 45 S. W. 596, held insufficient an indictment charging that the defendant had "unlawfully, willfully, wantonly and maliciously" injured certain real property, to wit, a lodge room. The testimony showed that the defendant had discolored and defaced the lodge room floor. The court held that the nature and character of the injuries alleged to have been inflicted should have been stated in the indictment.

It is evident that, in the foregoing cases, the damage done was much more nearly an element of the crime charged than is the case in the action now before us. Whether or not an accused is guilty of malicious damage to property depends very largely upon what he did to the property. The protection of property is the primary object of the laws against malicious mischief. Manifestly the protection of property is not, to such a considerable extent, the object of § 2653, *supra,* under which appellant was charged.

Explosions are very likely to injure individuals. They may cause extensive and dangerous fires, they may result in panics among crowds in places of public resort, or in congested streets, and they constitute grave menaces to the public safety and security. The crime of maliciously causing an explosion cannot be compared with the average offense of malicious mis-

chief. The law of this state against malicious mischief makes violation thereof a misdemeanor. The act under which appellant was prosecuted makes violation thereof a felony and provides for the imprisonment of persons convicted of violations thereof for long terms.

Respondent cites the following cases in which violations of statutes against malicious mischief were alleged in the words of the statute and held sufficient. *People v. Boren,* 139 Cal. 210, 72 Pac. 899; *Saffell v. State,* 113 Ark. 97, 167 S. W. 483; *People v. Keeley,* 81 Cal. 210, 22 Pac. 593. These decisions sustain respondent's contention; but, in our opinion, the offense with which appellant was charged varies so greatly from the ordinary offense of malicious mischief that cases in which the latter offense was considered are not controlling. This view is borne out by the fact that, in Corpus Juris, offenses relating to the possession and use of explosives are not considered under the head of "malicious mischief" but under title of "explosives." 25 C. J. 213.

The supreme court of Illinois in the case of *People v. Robertson,* 210 Ill. App. 234, 120 N. E. 539, held that an information based upon an alleged improper use of explosives was sufficient although it did not state the name of the owner of the property intended to be damaged by the defendant, but charged an offense generally in the language of the statute.

In the case of *People v. Burke,* 18 Cal. App. 72, 152 Pac. 945, the supreme court of California, in construing a statute very similar to that under which appellant was prosecuted, held that it was unnecessary to allege in the information the name or names of the person or persons whom it was charged the defendant intended to injure by placing an explosive in a building, and that, in construing such a statute, it was proper to consider the object intended to be accom-

plished by the legislature in the enactment thereof. It is evident that the object of the legislature in enacting § 2653, *supra,* was to deter people from the unlawful use of high explosives in damaging property or endangering the lives or safety of human beings. Under such a statute the resulting damage to the building is not so much an element of the crime charged as to render demurrable an information which fails to specifically allege such damage.

Without passing upon the question of whether or not, in a proper case arising under § 2653, *supra,* the superior court might well direct, upon motion of the defendant, that an information be made more definite and certain or a bill of particulars furnished, we hold that, in the absence of any such application to the trial court, the information upon which appellant was tried was sufficient.

█ Appellant's other assignments of error all go to the alleged insufficiency of the evidence to sustain his conviction. The evidence was, to a great extent, circumstantial and appellant strenuously urges that the same is in law insufficient to sustain his conviction. Appellant relies upon the doctrine laid down by this court in the case of *State v. Payne,* 6 Wash. 563, 34 Pac. 317, that:

"No man ought to be convicted of a crime upon mere suspicion, or because he may have had an opportunity to commit it, or even because of bad character, and where circumstances are relied on for a conviction they ought to be of such a character as to negative every reasonable hypothesis except that of the defendant's guilt. And a new trial should be granted where a conviction is had on evidence not connecting the defendant with the crime beyond a reasonable doubt."

Appellant also cites the opinion of this court in the case of *State v. Pienick,* 46 Wash. 522, 90 Pac. 645, 13 Ann. Cas. 800, 11 L. R. A. (N. S.) 987, in which a ver-

dict of guilty of the crime of arson was held erroneous. In the *Pienick* case, no motive whatever appeared for the commission of the crime by the defendant, the evidence against him was purely circumstantial, and the court held that, in case of the burning of a building, the presumption is that` the fire was occasioned by accident or natural causes rather than by the deliberate act of any person. Under the record before it, this court properly held that the *corpus delicti* was not proven by satisfactory evidence, and that the defendant's motion for a new trial should have been granted.

No such presumption as aided the defendant in the case last cited can be invoked in aid of this appellant, and the case referred to is not in point upon the question now before us for determination.

 Appellant complains of the testimony of one Stark who was an inmate of the city jail at the time appellant was arrested and confined therein, charged with the offense for which he was later tried. Stark testified that appellant talked to him of the explosion and referring thereto said, "I did it, but I will never admit it." The witness had already served a term in the penitentiary and was then awaiting trial upon a charge of forgery. The circumstances under which Stark testified to the statements made to him by appellant were fully disclosed to the jury, as were the facts of Stark's previous conviction and his later arrest. Under these circumstances, the weight of the testimony was for the jury. Whether or not it was regarded as important or unimportant, we do not know, but we cannot say that its admission constituted reversible error.

Testimony was introduced to the effect that the appellant told conflicting stories as to his whereabouts just prior to the time of the explosion; and the evidence introduced by the state, while in its nature

largely circumstantial, was sufficient, if believed by the jury, to support a verdict of guilty.

Finding no error in the record, the judgment is affirmed.

MITCHELL, C. J., FULLERTON, TOLMAN, and HOLCOMB, JJ., concur.