**James O. STEAMBARGE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42050.**

Court of Criminal Appeals of Texas.

April 23, 1969.

Raeburn Norris, Houston, for appellant.

Jules Damiani, Jr., Dist. Atty., R. L. Wilson, Asst. Dist. Atty., Galveston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is destroying property belonging to another (Article 1350, § 1(a) Vernon's Ann.P.C.); the punishment assessed by the jury, three years' confinement in the Texas Department of Corrections, probated.

Article 1350, § 1(a), supra, reads as follows:

"It shall be unlawful for any person to wilfully injure or destroy, or attempt to injure or destroy, any property belonging to another, of any kind whatsoever, without the consent of the owner and lienholder, if any, thereon."

Omitting the formal parts, the indictment in this cause reads as follows:

" * * * did then and there unlawfully and willfully attempt to injure and destroy and did willfully injure and destroy certain property belonging to another, to-wit, one (1) straight chair of the value of Fifty Dollars ($50.00), one (1) table of the value of Fifty-Five Dollars ($55.00), one (1) table of the value of Eighteen Dollars ($18.00), one (1) lamp of the value of Thirty-Five Dollars ($35.00), one (1) lamp of the value of Thirty-Seven Dollars and Fifty Cents ($37.50), two (2) hassocks of the value of Twelve Dollars ($12.00) each, one (1) vase of the value of Fifteen Dollars ($15.00), one (1) glass figurine of the value of Thirty-Nine Dollars ($39.00), belonging to Gale Van Hoy without the consent of the said Gale Van Hoy, the owner thereof."

Initially, the appellant complains that the trial court erred in overruling his motion to quash the indictment since (a) the allegations are duplicitous in that in the same count the offense of an attempt to injure and destroy as well as the completed offense is alleged, and (b) it does not allege the manner or "how" appellant allegedly attempted to injure and destroy and did injure and destroy the items enumerated.

First, we note that the indictment in the case at bar is in substantial conformity with the form set forth in Willson's Criminal Forms, 7th Ed., Vol. 7, Sec. 1863, p. 417, with the exception that the value of each article of property is here separately alleged. Such additional allegations have been held unnecessary. Lacy v. State, Tex.Cr.App., 412 S.W.2d 911.

It is clear that the indictment does not charge more than one offense. The provisions of Article 21.24, Vernon's Ann.C.C.P., that an indictment may not charge more than one offense does not prohibit alleging several ways in which an offense was committed or charging more than one offense based upon the same incident or transaction. See Vannerson v. State, Tex.Cr.App., 408 S.W.2d 228; Rose v. State, Tex.Cr.App., 427 S.W.2d 609; Breeden v. State, Tex.Cr.App., 438 S.W.2d 105 (February 5, 1969).

In 30 Tex.Jur.2d, Indictment and Information, § 40, p. 605, it is said:

"Duplicity is the joinder of two or more distinct offenses in the same count, or the joinder in the same count of two or more phases of the same offense where the punishment is different. * * *

"Whether or not offenses are to be treated as distinct depends on whether they are embraced within the same general definition and punishable in the same manner. If they are, then they are not distinct offenses and may be charged in a single count."

In the case at bar it is observed that under the provisions of Article 1350, § 1(a), that the offenses here are embraced within the same general definition and punishable in the same manner and we perceive no error in the indictment in this regard.

We further note that only the "completed offense" was submitted to the jury in the court's charge.

We overrule Section (a) of appellant's first ground of error.

Prior to the 1951 amendment of Article 1350, supra, while an indictment need not have excluded the idea that it is covered by some other provision of the penal code, Adams v. State, 47 Tex.Cr.R. 35, 81 S.W. 963, it was held that the nature of the injury should be stated so it might be seen whether or not the injury came within the offenses "otherwise provided for." Todd v. State, 39 Tex.Cr.R. 232, 45 S.W. 596.

It is to Todd v. State, supra, that appellant directs our attention with reference to his claim that there was no allegation in the indictment as to manner and means.

At the time of the Todd case, the statute in question (Art. 791, P.C.1895) read as follows:

"If any person shall wilfully and mischievously injure or destroy any growing fruit, corn, grain or other like agricultural product, or if any person shall wilfully or mischievously injure or destroy any real or personal property of any description whatever *in such manner as that the injury does not come within any of the offenses otherwise provided for by this Code*, he shall be fined not exceeding one thousand dollars; provided that when the value of the property injured is fifty dollars or less, then he shall be fined not exceeding two hundred dollars." (emphasis supplied)

In Todd this Court said, "We believe * * * that the nature or character of the injury should be averred. This is a part of the definition of the offense, and should be stated, in order that appellant may know the particular accusation charged against him so as to meet it. In this case the particular character of injury, according to the proof, consisted in befouling, discoloring, and defacing the floor of said room. This, however, was not stated. It should have been done. If the nature and character of the injury had been stated in the indictment, then it could be seen whether or not the injury came within the definition of 'any other offense' covered by statute, and the question as to the validity of the information in this respect could be presented to the court by an exception. We hold that the indictment was defective, and that the same should have been quashed. The judgment is accordingly re-

versed, and the prosecution ordered dismissed."

In Uresti v. State, 167 Tex.Cr.R. 189, 319 S.W.2d 340, a similar contention was presented. There it was urged that the phrase in the indictment "by striking, knocking or breaking" was not sufficiently explicit to put the accused on notice of the offense charged against him. There this Court, however, refused to consider the matter since it was not shown that the motion to quash the indictment was called to the trial court's attention and no fundamental defect in the indictment was observed.

It is observed, however, that Article 1350 § 1(a) as amended in 1951 and as now appears by virtue of the 1957 amendment, does not include the phrase "in such manner as that the injury does not come within any of the offenses otherwise provided for by this Code." Since this phrase is no longer a part of the definition of the offense, we do not deem Todd v. State, supra, is here controlling. Nor do we deem the provisions of Sec. 2 of Article 1350 as calling for a different conclusion. Those provisions are contained in a separate section of the act and do not form a part of the definition of the offense.

In 30 Tex.Jur.2d, Indictment and Information, Sec. 39, p. 585, it is written:

"The state in its accusatory pleading is not required to allege the particular mode or means employed in the commission of an offense, except when this is of the essence of the offense charged."

In view of the 1951 and 1957 amendments to Article 1350, supra, we hold that the indictment in this case is sufficient to charge the offense of which appellant was convicted and that the court did not err in overruling appellant's motion to quash the indictment.

Ground of error #1 is overruled.

Next, appellant complains of the court's failure to charge the jury on the defensive theory of accident in response to his written objection and special requested charge timely presented.

The record reflects that while drinking "quite a bit" of beer at a Houston night club on January 11, 1967, appellant became incensed when he learned the complaining witness Van Hoy had allegedly made remarks concerning appellant's beating of his (appellant's) wife. Returning to Dickinson he aroused his estranged wife and forced her to accompany him to the complaining witness' home in the early morning hours because he was "just mad as hell." After the complainant's wife admitted the couple, appellant proceeded to assault his wife and kick and smash the furniture. When the complaining witness appeared he was attacked by appellant, choked and thrown upon a tier table smashing it and breaking the lamp thereon. In response to Mrs. Van Hoy's pleas appellant stated, "I'll break any G.D. thing I want to." The complainant fled from the house and returned with 3 peace officers who had to forcibly subdue the appellant.

The evidence showed that each article of property listed in the indictment was demolished and destroyed and the proof supported the values alleged.

We have examined the record, including the testimony of appellant and his wife, and do not find the evidence such as to support the submission of the issue of accident. The trial court's failure to so charge was not error.

Ground of error #2 is overruled.

The judgment is affirmed.