Mamie Jane BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 36517.

Court of Criminal Appeals of Texas.

Feb. 12, 1964.

Rehearing Denied April 1, 1964.

M. Gabriel Nahas, Jr., King C. Haynie, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Erwin G. Ernst, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant was tried upon an indictment for murder with malice aforethought and convicted of negligent homicide in the second degree, with punishment assessed at confinement in jail for three years.

The evidence presented by the state showed that prior to his death the deceased and the appellant had been going together. On the night in question, appellant came to her sister's apartment shortly after midnight and stated that the deceased had slapped her. As she was leaving to go to her apartment next door, appellant told her sister to take care of her "kids." Later in the morning, between nine and ten o'clock, the deceased was found on the front seat of an automobile, parked in the 800 block of Ruthven Street, in the city of Houston, about a block from appellant's apartment. An autopsy performed upon the deceased revealed that the cause of death was a gunshot wound in the head.

Appellant was arrested at her home at 3:10 o'clock, p. m., and taken to the police station. While being questioned, appellant told the officers that she had shot the deceased and accompanied them to her sister's apartment, where she got the pistol with which she shot the deceased and gave it to them. The weapon was a .22 automatic pistol containing five live rounds and one hull.

After being duly warned, appellant also made a written statement to the officers which was introduced in evidence as state's exhibit #1. In the statement, appellant related that she and the deceased had been going together and that on the night in question they were at several places drinking beer. Appellant stated that after leaving one of the places the deceased, who was driving, stopped the car on Ruthven Street and cut the motor off. While they were seated in the car the deceased dropped some food, which "made him mad" and for which he blamed appellant. Appellant stated that when she told the deceased she would clean "the mess up" he slapped her and told her to get out of the car. She related that when the deceased made a certain statement to her: "* * * I reached in my purse and I got my gun out and I wasn't intending to shoot him—I was just wanting to scare him. The gun went off and John [the deceased] sat back but he didn't say anything." Appellant further stated that after shooting the deceased she went to her sister's apartment, where she put the gun behind some groceries under the sink. Appellant also related that, after her

arrest, she went to the apartment with the officers and got the gun with which she had shot the deceased.

Appellant did not testify and called only one witness, who testified that appellant had never been convicted of a felony offense, in support of her application for a suspended sentence.

At the close of the testimony, the court granted appellant's motion for an instructed verdict of not guilty as to murder with and without malice and submitted to the jury the issue of appellant's guilt of negligent homicide in the second degree.

Under the court's charge the jury were required to find, before convicting the appellant, that, while engaged in the performance of an unlawful act of carrying a pistol on or about her person, the appellant did by negligence and carelessness cause the death of the deceased by negligently causing the pistol to discharge a bullet which struck the body of the deceased, from which injuries the deceased died. The jury were further required to find that at the time the pistol was discharged the appellant had no apparent intention to kill the deceased and that at the time the pistol was discharged there was an apparent danger of causing the death of the deceased, which appellant knew or should have known in the exercise of due caution, such as a reasonably prudent person would or should have used under the same or similar circumstances.

The jury were further instructed that if they believed from the evidence or had a reasonable doubt thereof that the deceased was killed by a bullet from the pistol in the hands of the appellant, but under all the circumstances the pistol was accidentally discharged and "went off" for any reason other than the negligence and carelessness of the appellant at the time and under all the circumstances, to acquit the appellant and say by their verdict "not guilty."

Appellant's first complaint is that the court erred, after granting her motion for an instructed verdict of not guilty as to murder with and without malice, in submitting to the jury the issue of her guilt of negligent homicide.

■ We find no error in the court's action, as a conviction for negligent homicide may be had under an indictment charging murder with malice aforethought. Art. 695, Vernon's Ann.C.C.P.; Crowder v. State, 78 Tex.Cr.R. 344, 180 S.W. 706; Wallace v. State, 145 Tex.Cr.R. 625, 170 S. W.2d 762.

■■ Appellant next complains that the evidence is insufficient to sustain her conviction for negligent homicide in the second degree while engaged in the commission of the unlawful act of carrying a pistol, because the act of unlawfully carrying the pistol, if proven, was shown by the uncorroborated confession of appellant. While a confession, alone, is insufficient to prove that a crime has been committed, it may be used in connection with other facts to establish the corpus delicti. Lavan v. State, Tex.Cr.R., 363 S.W.2d 139. In her confession, appellant admitted shooting the deceased while they were seated in the car. The facts, independent of the confession, show that the deceased was found in the car with a gunshot wound in the head. These facts clearly indicate that some person other than the deceased was carrying a pistol (no weapon being found in the car) and, when taken in connection with appellant's confession, would establish that she was such person.

■ Appellant further complains that the evidence is insufficient to sustain the conviction because the evidence introduced by the state showed that the homicide was accidental. Appellant insists that the statement in her confession which we have hereinbefore quoted and which the state introduced in evidence and which was not disproved showed that the homicide was accidental. While the statement in the confession that the gun "went off" might infer that the shooting was accidental, in other portions of the confession appellant refers to the gun that "[she] shot John with." Under the facts the court correctly sub-

mitted to the jury the defensive issue of accident.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.