**Troy Lee DOUTHIT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39895.**

Court of Criminal Appeals of Texas.

Nov. 30, 1966.

Paul L. Fourt, David T. Lancaster, Dallas, for appellant.

Henry Wade, Dist. Atty., Kerry P. Fitz-Gerald, Asst. Dist. Atty., James F. Law, Asst. Dist. Atty., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Judge.

The offense is aggravated assault (Art. 1147(10) Vernon's Ann.P.C.); the punishment, one year in jail.

Trial was had and judgment was entered on the jury's verdict prior to January 1, 1966. Motion for new trial was overruled, sentence pronounced and notice of appeal given after January 1, 1966.

Three claims of error are assigned in appellant's brief filed in the trial court.

Appellant first complains of the overruling of his written motion to suppress evidence relating to his prior convictions, the last of which was in "June or July 1951."

■ Motions to suppress evidence were first recognized as a part of Texas Procedure in the 1965 Code of Criminal Procedure. (Art. 28.01 § 1(6)) Under the law as it existed at the time, the trial court did not err in overruling the motion. Dominguez v. State, 161 Tex.Cr.R. 124, 275 S. W.2d 677; Arrington v. State, 164 Tex. Cr.R. 20, 296 S.W.2d 537, and cases cited.

We further observe that no exception was reserved to the overruling of the motion; the evidence sought to be suppressed was introduced for impeachment purposes in the cross-examination of appellant without objection, and the convictions were not too remote, appellant having been released from the penitentiary in 1959.

Appellant's second complaint relates to his cross-examination as to a conversation he had with police officers who came to his home in which he denied having been in a fight and denied having a knife; and his last complaint relates to testimony of the arresting officer William L. Johnson to the effect that he did so deny.

The fact that appellant cut the injured party, Jennings, on the neck, hip and side with a small knife was shown by the testimony of appellant as well as the testimony of the injured party.

Jennings testified that the assault upon him was unprovoked. Appellant's version was that Jennings ordered him out of his car, threatened to whip him and was trying to pull him out of his car when he grabbed the open knife he had been using to clean his fingernails and slashed Jennings on the side of his neck; that Jennings was still kicking at him when he cut him on the hip and on the side, and that he saw something shining in Jennings' hand.

■ Assuming that appellant was in custody when he made the statements to the officer, the admission of such evidence, in view of the testimony of appellant and of Officer Johnson, was not error.

Officer Johnson testified:

"Q. All right, And did he make any statement about whether or not he was the person involved?

"A. He stated that he didn't know what I was talking about.

"Q. He didn't know what you were talking about?

"A. That's right.

&ast; &ast; &ast; &ast; &ast; &ast;

"Q. Did he make any statement about whether he had had a knife or not?

"A. He stated he didn't have a knife.

"Q. Said he didn't have a knife, and did he say that he hadn't been involved in any fight?

"A. Yes, he did.

"Q. He denied having been involved in any fight?

"A. Yes, he did.

&ast; &ast; &ast; &ast; &ast; &ast;

"Q. All right, now I'll ask you after you got downtown to the police station—without going into what was said—if you had a conversation with the Defendant?

"A. Yes sir, I did.

"Q. All right. Prior to that conversation, did you know where the knife in question was located?

"A. No sir, I didn't.

"Q. All right, after you talked with him, did you recover the knife, following that conversation with him?

"A. Yes sir, I did.

"Q. All right. Did he tell you where to find that knife?

"A. Yes sir, he did.

"Q. What did he tell you?

"A. Told me he put it in the Beckley Club in a hole in the wall in the bathroom.

"Q. Put it where?

"A. In the Beckley Club—it's a cafe. He said he went in the bathroom and put it in a little hole in the wall.

"Q. All right, did he tell you why?

"A. No, he said he just hid it, just to get rid of it.

"Q. All right. But he told you where to find it?

"A. Yes, he did.

"Q. And did you subsequently recover it?

"A. Yes, I did."

Testifying in rebuttal, appellant admitted having told the officer[6] where the knife was and that he put it in a hole in the wall of the rest room in the Beckley Cafe, but denied that the knife introduced in evidence was the knife he used.

Art. 727 Vernon's Ann.C.C.P., in effect at the time of appellant's trial, provides in part that a confession made while the defendant is in custody shall not be used— unless in connection with said confession he makes statements of facts or circumstances found to be true which conduce to establish his guilt, such as the finding of the instrument with which he states the offense was committed.

The statements of appellant were admissible under such provisions. Jones v. State, 167 Tex.Cr.R. 72, 318 S.W.2d 444, cert. denied, 361 U.S. 846, 80 S.Ct. 100, 4 L.Ed. 2d 84; Richardson v. State, 172 Tex.Cr.R. 299, 356 S.W.2d 676; Marshall v. State, Tex.Cr.App., 384 S.W.2d 893; Payton v. State, Tex.Cr.App., 396 S.W.2d 120; Whitaker v. State, 160 Tex.Cr.R. 271, 268 S.W. 2d 172; Henderson v. State, 172 Tex.Cr.R. 75, 353 S.W.2d 226, and cases cited.

Art. 38.22(a), par. 3, C.C.P. became effective after appellant's trial and need not be here considered or construed.

The judgment is affirmed.