**Francis Marshall PARSLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42640.**

Court of Criminal Appeals of Texas.

March 25, 1970.

Rehearing Denied May 27, 1970.

Emmett Colvin, Jr., Dallas, on appeal only, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Camille Elliott, Charles Yett and Hoyt Pilkilton, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Justice.

The conviction is for driving a motor vehicle on a public street while intoxicated; the punishment, a fine of $400 and confinement in jail for three months.

The record reflects that appellant was driving an automobile on Grand Avenue in the City of Dallas when it jumped the curb and hit a no-parking sign, and two squad cars of the Dallas Police Department happened to be in the block. The officers saw appellant drive down the street with the automobile weaving across two traffic lanes. He was stopped after he had gone two blocks. The four officers who were present testified that he was intoxicated.

Two grounds of error that comply with Article 40.09, Sec. 9, Vernon's Ann.C.C.P., have been presented.

■ Complaint is made that the trial court erred in admitting a statement made by appellant while he was under arrest and not warned in accordance with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694.

Officer Quirl testified that within three or four minutes after the automobile had been stopped and after the arrest was made the appellant stated that he had had several beers. The trial court overruled a request that the jury be instructed not to consider the statement.

The trial court did not err in holding that the statement was admissible for there was sufficient showing that the statement was res gestae. Article 38.22, Sec. 1(f), V.A.C.C.P., provides, in part: "Nothing contained herein shall preclude the admissibility * * * of any statement that is the res gestae * * * of the offense." See Moore v. State, Tex.Cr.App., 440 S. W.2d 643, and Ramos v. State, Tex.Cr. App., 419 S.W.2d 359. In McCormick & Ray, Texas Law of Evidence, Sec. 1212, p. 88, is found:

"Of course, where the statements or acts of the accused satisfy the requirements of some other exception to the hearsay rule, e. g. spontaneous exclamations (res gestae) they are admissible even though they are incompetent as confessions because made while under arrest."

■ Miranda v. Arizona, supra, does not prohibit the introduction of such res gestae statements. The ground of error is overruled.

■ In the next ground of error, it is contended that the trial court erred in permitting the prosecutor to question appellant

at the penalty stage of his trial as to why he did not include all his prior convictions in an exhibit which had been made a part of his application for probation.

The statement, signed by appellant, showed that he had been convicted for driving while intoxicated in March of 1963 in the County Criminal Court of Dallas County and was assessed a punishment of three days in jail and a fine of $100. Appellant testified that he had signed the statement. Appellant admitted that he had been convicted of the following offenses: (1) driving while intoxicated on March 21, 1964; (2) carrying on or about his person a pistol on August 4, 1964; (3) driving a motor vehicle on a public road while his license was suspended on August 21, 1964; (4) being drunk and disorderly on July 28, 1963; and (5) being drunk and disorderly on September 25, 1964.

Appellant testified that he had not read the statement of his prior convictions before signing it and that his attorney made the mistake.

There was no objection to this testimony; nothing is presented for review. Ordinarily there must be an objection to the testimony to present the matter on appeal. See 5 Tex.Jur.2d, Sec. 39, p. 61.

There being no reversible error present, the judgment is affirmed.

ONION, Judge (concurring).

I concur in the result reached. This court has held that Miranda has no application to statements which are *res gestae of the offense*. See Hill v. State, Tex.Cr. App., 420 S.W.2d 408; Brown v. State, Tex. Cr.App., 437 S.W.2d 828; Cf. Hernandez v. State, Tex.Cr.App., 437 S.W.2d 831. I would, however, disassociate myself from any impression the majority opinion might leave that time is the controlling factor or only factor to be considered in determining the admissibility of res gestae statements. The statement made by appellant was as a result of an interrogation after arrest and there was no evidence at the time of its admission to show that the statement was spontaneous. In the light of subsequent testimony, and the fact that appellant, testifying in his own behalf, related he had several beers prior to his arrest, no error is presented.

MORRISON, J., joins in this concurrence.