Blane Donald **JOHNSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43664.

Court of Criminal Appeals of Texas.

April 14, 1971.

Donald Metcalf, Dallas (by court appointment), for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder, the punishment, life.

The State filed its intention not to seek the death penalty and the appellant, after being duly warned and with the assistance of counsel, entered his plea of guilty.

The indictment reads as follows:

" * * * Blane Donald Johnson * * * did * * * voluntarily and with malice aforethought kill Erle C. Patrick by torture, to-wit, the said Blane Donald Johnson * * * did then and there, bind and fasten the said Erle C. Patrick by tying his hands behind his back with one tie and by tying his feet together with another tie, and did strip from him all of his clothing except his shoes, stockings and part of his shirt and leave him there bound and naked, exposed to the hot rays of sun during the days, and to the damp and cold during the nights, without covering, food or drink, by means of which torture the said Erle C. Patrick did die on or about the 20th day of October, A.D. 1968. * * *"

Without detailing the facts in this case, it is sufficient to say that the deceased died due to dehydration.

Appellant contends that his motion to quash the indictment should have been sustained because the indictment alleged both that the deceased was left "naked" and that "his shoes, stockings and part of his shirt" were left on him. We find this contention without merit, as the word "naked" was only used to further describe the deceased's condition and to show that no other clothing remained on him. He was substantially "naked."

Appellant also contends that the indictment should have been quashed because it failed to describe the type of "ties" that were used to tie the hands and feet of the deceased. This contention is also without merit. The use of the word "ties" sufficiently placed the appellant on notice of the means or instrumentality used to cause death.[1] We find the indictment was properly drawn. See Willson, Texas Criminal Forms, Sec. 1666 (W. Morrison & T. Blackwell Eds. 1966).

No reversible error appearing, the judgment is affirmed.

DOUGLAS, J., concurs in the results.

---

1. The evidence shows that men's ties were used to bind the deceased.