**L. J. HARRISON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45976.**

Court of Criminal Appeals of Texas.

March 21, 1973.

R. B. Cousins, Dallas for appellant.

Henry Wade, Dist. Atty., Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of robbery. The court assessed punishment at twenty-five years.

The sufficiency of the evidence is challenged.

The record reflects that on September 20, 1970, at approximately 8:00 a. m., Mrs. W. C. Perry, an employee on duty at a 7–11 Store in the Oak Cliff section of Dallas, was robbed. Mrs. Perry testified that appellant entered the store and demanded all the money in the cash drawer and in her billfold. She also testified that appellant took the money and drove away and that she was able to copy down the license number of the vehicle used by appellant as he left.

Subsequently, appellant's vehicle was stopped by Officer Bateman of the Dallas police department. Some $214 in cash was found in appellant's pickup truck. This was approximately the amount taken in the robbery.

The appellant testified that he had gone to the 7–11 Store to get three money orders totalling $173 to use in making various payments. He claimed that he had placed

the money on the counter and gave Mrs. Perry a ten dollar bill to pay for an orange drink and cigarettes, after which she gave him change for only one dollar and that he then reached in the open cash drawer and took money for his change. He also testified that he picked up money that he had placed on the counter for money orders.

The appellant complains that "the Court erred in allowing cross examination of appellant as to oral statements made or not made following his arrest." He also complains of prosecutorial misconduct.

During cross-examination, Mr. Stauffer, the prosecutor, asked the appellant about statements made after he had been stopped and handcuffed by the officers. Objections to questions asked which called for answers after he was under arrest were sustained. The prosecutor again asked about his statements to the officers. He replied that he did not say anything and then said he told them that he did not rob Mrs. Perry. He was then asked, "It's down here in front of the jury, did you ever give an explanation for all of them?" An objection was sustained, but a motion for mistrial was overruled.

Previous to this the prosecutor asked the appellant if he had told or complained to anyone about the conspiracy that he was talking about. An objection, "Your Honor, that's the same thing about a statement after arrest," was sustained, but the court overruled a request for the jury to disregard "the statement made by the prosecuting attorney."

Then the prosecutor asked if he protested "when these officers had arrested you, and took your gun from you and your money, did you protest in any way to them about this fact that you were a victim of this woman and that's how the money came to be in your truck? Did you ever tell them, Officer Bateman, or Officer Reardon or any people?"

Here the court stated: "Sustained after the arrest. Before the arrest, overruled, you may answer." The answers that followed concerned silence of the appellant after he was under arrest.

Generally, statements which do not comply with the provisions of Article 38.22, Vernon's Ann.C.C.P., requiring a warning by the person to whom the statement is made are not admissible. See Butler v. State, Tex.Cr.App., 493 S.W.2d 190 (1973); Garner v. State, Tex.Cr.App., 464 S.W.2d 111; Leach v. State, Tex.Civ.App., 428 S.W.2d 817, and McIntosh v. State, 85 Tex.Cr.R. 417, 213 S.W. 659.

The State contends that these statements were admissible for impeachment purposes under Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1, and Small v. State, Tex.Cr.App., 466 S.W.2d 281. The contention was presented and this Court held that statements made while one was in custody were not admissible because they were not taken in compliance with Article 38.22, supra. Butler v. State, supra.

In addition to the above, the record contains several instances where the prosecutor, contrary to the court's instructions, asked improper questions of the appellant. On one occasion, the judge threatened to hold the prosecutor in contempt of court.

It was error to permit the questions and answers concerning the statements or lack of statements by the appellant after he was under arrest. It was also error for the prosecutor to get before the jury statements by the appellant and his failure to protest his innocence after he was under arrest even though some of the objections to his questions were sustained. See McIntosh v. State, supra.

Even after the repeated admonishments of the trial court, the appellant did not receive a fair trial. The quotation from Shawhan v. Commonwealth of Kentucky, Ky., 318 S.W.2d 541, 544, cited by Judge

Woodley in Brown v. State, 168 Tex. Cr.R. 67, 323 S.W.2d 954, is applicable. It is as follows:

" 'a litigant is entitled to at least one tolerably fair trial' regardless of the nature of his offense, * * * and to this end we have made our ruling."

The judgment is reversed and the cause remanded.