Irene MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 46439.

Court of Criminal Appeals of Texas.

Sept. 19, 1973.

1. Taylor v. State, 172 Tex.Cr.R. 461, 358 S.W.2d 124.

OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of murder with malice, and her punishment was assessed at ten (10) years confinement. This appeal is from such conviction.

The sufficiency of the evidence is not challenged. The record reflects that on September 1, 1970, appellant moved from her apartment at 221 Torreon Street, San Antonio, where she had been living with her two infant children, to the home of a friend, also in San Antonio. Appellant's two children did not accompany her in this move. She explained their absence to her friend by stating that an aunt was to take care of the children. This explanation was disputed by the State by the aunt's testimony that no such arrangement had been made. On September 5, 1970, the two infant children of appellant were found locked in the house at 221 Torreon Street from which appellant had moved. One of the children, nine-month old Yolanda Martinez, deceased in this case, was dead upon discovery. An autopsy revealed that she had died of starvation and dehydration. The following day, September 6, appellant was arrested at her friend's home.

Appellant testified that the two children had been left unattended by her in the house for several days due to a misunderstanding which had led her to believe that they would be retrieved and cared for by an aunt. The record contains much evidence of neglect by appellant of the children, and of appellant's lack of interest in their welfare.

Appellant's third ground of error relates to the use by the State for impeachment purposes of an oral statement made by her to the arresting officer while she was under arrest.

As in Butler v. State, Tex.Cr.App., 493 S.W.2d 190, it should be observed that appellant in her ground of error complains

A. L. Hernden and Robert Mitchell, San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles T. Conaway, Fred Rodriguez and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

only of a violation of Article 38.22, Vernon's Ann.C.C.P., and does not advance any claim that there was any violation of her federal constitutional rights articulated in Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694.

When appellant took the witness stand in her defense, the State, on cross-examination, attempted to elicit information concerning a conversation between her and arresting Officer Langford. Following defense objections that such conversation was inadmissible, being in violation of the requirements of Art. 38.22, V.A.C.C.P., appellant being under arrest at the time the oral statements were made, the jury was removed and the State asked appellant whether she had made any statement to the officer. Appellant replied that she had not made a statement. The State did not contend that the alleged statement later testified to by the officer met the requirements of Art. 38.22, supra, but rather that a proper predicate had been laid in order to impeach appellant and that it was permissible to recall Langford to elicit the oral statement made to him in order to rebut the appellant's denial. Before the matter was pursued further, however, the trial was adjourned for the day.

At the resumption of trial the following morning, Langford testified out of the presence of the jury as to the details of the arrest and the oral statement of appellant. Langford testified at this hearing that he gave appellant the usual *Miranda* warning immediately after her arrest and prior to the time he placed appellant in the police vehicle. According to his testimony, appellant, while handcuffed and seated in the back seat of the police car en route to the San Antonio Police Department, in response to the officer's question concerning

the whereabouts of her husband, stated that he was in Vietnam, and that they did not love each other anymore. Langford further stated that appellant said that her husband was sending her one hundred and thirty dollars a month but that was not enough to feed her children with; that she associated them with her husband and that she wanted to get rid of them.

At no later time was this statement, or any other statement of appellant, reduced to writing pursuant to the provisions of Article 38.22, supra. Langford did include the statement in his offense report.

Thereafter, following the court's overruling appellant's objection, the State was permitted to ask appellant on the witness stand in the presence of the jury whether she had made the aforementioned inculpatory statement. Appellant experienced a memory lapse and remembered little concerning her arrest and subsequent trip to the police station. Langford thereafter was, over appellant's objection, permitted to testify before the jury of the oral statement he said appellant made to him while en route to the police station, being the same statement Langford had testified about at the hearing before the court.

The record clearly shows that appellant's oral statement did not meet the requirements of Art. 38.22, subd. 1(e).[1] The corpus delicti of the offense, the body of the deceased, had been discovered some thirty-three hours prior to her arrest. There was no property, no secreted property, or no instrument involved. As a result of the statement, the police investigation turned up no physical evidence not already known. Cf. Wilson v. State, Tex.Cr.App., 473 S. W.2d 532; Douthit v. State, Tex.Cr.App., 408 S.W.2d 712.

---

1. Art. 38.22, V.A.C.C.P., provides: "1. The oral or written confession of a defendant made while the defendant was in jail or other place of confinement or in the custody of an officer shall be admissible if:

\* \* \* \* \*

"(e) It be made orally and the defendant makes a statement of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed."

Under subd. 1, Section (f) of Art. 38.22, V.A.C.C.P., otherwise tainted oral statements are admissible if such expressions are res gestae of the arrest or the offense. A statement made thirty-three hours after the discovery of deceased is not res gestae of the offense. The record also reflects that appellant's statement was not res gestae of the arrest. The trial court found that appellant knowingly and intelligently had listened to, understood and considered her *Miranda* warning, and, in addition, the State's evidence reflects that Langford had handcuffed appellant and placed her in the rear of the police vehicle, and that appellant's statement was made during the drive to the police station some fifteen to thirty minutes after Langford placed appellant in custody. The statement was not a spontaneous outburst brought about by the excitement of being arrested, and, therefore, not admissible under Article 38.22, Section (1)f. Garner v. State, Tex.Cr.App., 464 S.W.2d 111; cf. Parsley v. State, Tex.Cr. App., 453 S.W.2d 475; Moore v. State, Tex.Cr.App., 440 S.W.2d 643.

The State, relying on Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed. 2d 1 (1971), and Morales v. State, Tex.Cr. App., 466 S.W.2d 293, contends that appellant's statement could be used for impeachment even if it was not available as direct evidence. However, since the trial of this case and the preparation of the briefs on appeal this Court has considered and decided this issue.

In Butler v. State, Tex.Cr.App., 493 S. W.2d 190, a murder case, the defendant testified that deceased and two other boys robbed him of several hundred dollars and ran in different directions; that the deceased fled in an automobile and that he gave chase and, during the pursuit, his gun accidentally discharged, striking the deceased. On cross-examination defendant denied that he had ever seen deceased before the date in question and he also denied that deceased had called his wife names, or that he had conversation at the police station concerning such instance.

On rebuttal, a policeman testified that he heard a conversation between defendant Butler and his wife concerning a boy that drove past defendant's yard and called his wife an "old bitch." This testimony was used to contradict and impeach appellant Butler, and in a sense corroborate the State's theory of the case that appellant had sought out deceased and killed him after deceased called his wife "names."

Following a thorough discussion of legislative history and development of Article 38.22, the Court in Butler v. State, supra, held an oral confession made while the defendant Butler was in custody inadmissible for impeachment purposes because the confession did not satisfy Article 38.22, V.A. C.C.P.

A majority of this Court, speaking through Presiding Judge Onion, stated:

"In Harris, the Supreme Court held that a defendant who takes the stand may be impeached by a prior inconsistent confession even though the confession was inadmissible in the state's case in chief because of a failure to administer the warnings required by Miranda v. Arizona, supra, as long as the confession otherwise 'satisfie[d] legal standards as to truthworthiness.' Harris v. New York, 91 S.Ct. at 645. The Court reasoned that the purpose underlying exclusion of evidence tainted by Miranda error was to deter proscribed police conduct and that sufficient deterrence flowed from exclusion from the State's case in chief. This deterrence function, the Court concluded, should not be used to immunize or 'shield' a defendant-witness from the 'traditional truth-testing devices of the adversary process.' 91 S.Ct. at 645–646."

The *Butler* opinion continues:

"Does the force of the Harris reasoning apply with equal vigor to the admission of oral confessions for impeachment which are otherwise inadmissible under Article 38.22, as is the State's contention? We believe not."

As in Butler v. State, supra, appellant's oral statement made to Langford did not satisfy Article 38.22, supra. Appellant's statement that she wanted to get rid of her children was used to contradict and impeach appellant, and also to corroborate the State's theory of the case. Although an instruction was given limiting the use of the testimony for impeachment purposes only, the testimony was a direct attack upon her testimony. It was incriminative and, as used, critically so. See also Whiddon v. State, Tex.Cr.App., 492 S.W.2d 566; Harrison v. State, Tex.Cr.App., 491 S.W. 2d 920.

While the State argues that the search for the truth must remain paramount in a judicial proceeding and as such should prevail over a rule of evidence or extrinsic policy consideration, we stated in Butler v. State, supra, 493 S.W.2d at p. 198:

"Although the Harris decision, sanctioning the use of otherwise inadmissible statements for impeachment purposes provided the truthworthiness of the evidence satisfies legal standards, would provide persuasion for changing Article 38.22, supra, until those changes are made that statute would control the use of prior statements for impeachment and it was error to permit the impeachment in this case. See United States v. Jordan, 20 U.S.C.M.A. 614, 44 C.M.R. 44 (Court of Military Appeals, 1971)."

The admission over objections of appellant's oral statement made while she was under arrest constituted error prejudicial to the rights of appellant, for which the case must be reversed.

In view of our decision above, and a possible retrial of the case, a discussion of appellant's first ground of error is called for.

Appellant contends that the indictment is duplicitous in that it charges two separate offenses in the same count, each carrying a different punishment, to-wit, murder with malice and negligent homicide; and that the trial court erred in overruling her motion to quash the indictment.

The indictment, omitting the formal parts, reads as follows:

". . . Irene Martinez did then and there voluntarily and with malice aforethought kill Yolanda Martinez by starving, and the said Yolanda Martinez was then and there a minor under the control of the said Irene Martinez, and the said Irene Martinez did then and there confine and imprison the said Yolanda Martinez from the said 1st day of September, A.D., 1970, until the 5th day of September, A.D., 1970, in the county and state aforesaid, and did then and there, during all of said time neglect, omit, and refuse to give and administer, and to permit and suffer to be given and administered, to the said Yolanda Martinez, and to permit and suffer the said Yolanda Martinez to take and receive, sufficient meat and drink necessary for the sustenance, support, and maintenance of the body of her, the said Yolanda Martinez; and by means of which said starving, the said Yolanda Martinez on the day and year last above named, in the county and state aforesaid, did die . . . ."

We note that the indictment was taken directly from and is in complete conformity with the form for murder by starvation set forth in Willson's Texas Criminal Forms, Seventh Ed., Sec. 1665, pp. 382–383 (Vol. 7, Morrison and Blackwell Ed. 1966).

It is clear that the indictment does not charge more than one offense, the voluntary killing with malice aforethought of Yolanda Martinez by starving. A detailed description of the manner and means of such voluntary killing follows that charge. See Johnson v. State, Tex.Cr.App., 465 S. W.2d 372, for the detailed allegations of the means of the killing in an indictment

for murder by torture upheld by this Court. Under the indictment in the case at bar, a conviction of murder could be legally obtained only on proof of a voluntary and willful killing by accused of deceased by starvation in the manner charged.

■ Although Art. 21.24, V.A.C.C.P., provides that the indictment may not charge more than one offense, it does not prohibit alleging several ways in which an offense was committed or charging more than one offense based upon the same incident or transaction. Steambarge v. State, Tex.Cr.App., 440 S.W.2d 68.

■ While negligent homicide is an included lesser offense in an indictment for murder with malice,[2] and is necessarily included in the accusation of murder with malice in this cause, the indictment does not expressly charge the misdemeanor offense of negligent homicide. The manner and means alleged all refer back to the allegations that appellant "did then and there voluntarily and with malice aforethought kill Yolanda Martinez by starving," and cannot properly be separated from that accusation.

"Duplicity is the joinder of two or more distinct offenses in the same count, or the joinder in the same count of two or more phases of the same offense where the punishment is different." *Steambarge*, supra, quoting from 30 Tex.Jur. 2d, Indictment and Information, § 40, p. 605.

Appellant next in the same ground of error alleges repugnancy of the indictment in that it alleges "voluntariness and malice aforethought" in the charge of the offense and "neglect" in the descriptive means by which the killing was accomplished. The essence of this complaint appears to be that homicide which results from neglect or negligence cannot be murder.

■ However, as stated above, the indictment alleges that the offense was committed "voluntarily and with malice aforethought." Only among the several ways by which the offense is alleged to have been committed does the word neglect appear. Murder can be committed by voluntary and malicious neglect. The omission or neglect to perform a duty resulting in death, such as of a mother failing to feed her child, may constitute murder where the omission was willful and there was a deliberate intent to cause death. 40 C.J.S. Homicide § 20, p. 867, and cases cited therein.

We hold that the indictment is neither duplicitous nor repugnant and would be sufficient in the event of a new trial.

For the reasons previously stated, the judgment is reversed and the cause remanded.

Opinion approved by the Court.

ROBERTS, Judge (concurring).

Though I agree with the result reached in this cause, I feel compelled to briefly state my position, in light of my dissent in Butler v. State, 493 S.W.2d 190 (Tex.Cr. App.1973).

Unlike the situation in Butler, the statement in the present cause was highly incriminative and inculpatory and amounted to a confession of the offense. Therefore, error was committed in the admission of such evidence.

As I stated in a recent case, I do not depart one iota from my feelings expressed in the dissent to Butler. See the concurring opinion in Whiddon v. State, 492 S. W.2d 566 (Tex.Cr.App.1973).

ODOM, J., joins in this concurrence.

2. Wallace v. State, 145 Tex.Cr.R. 625, 170 S.W.2d 762; Brown v. State, Tex.Cr.App., 376 S.W.2d 577.