**Gladys M. HUGLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47628.**

Court of Criminal Appeals of Texas.

Feb. 27, 1974.

Gerald M. Brown, Temple, for appellant.

Joe Carroll, Dist. Atty., Troy C. Hurley, Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder without malice; the punishment, three years.

Ground of error number two contends that the court permitted the appellant to be impeached by a confession which had not been introduced in evidence and which was not proven to have been voluntarily given in compliance with Art. 38.22, Vernon's Ann.C.C.P. Reliance is had upon Butler v. State, Tex.Cr.App., 493 S.W.2d 190, and Whiddon v. State, Tex.Cr.App., 492 S.W. 2d 566, both of which were decided after the appellant's trial.

On direct examination the appellant gave her version of the transaction, mentioning only one shot which she claimed was fired in self-defense. No mention was made of a confession.

On cross examination the prosecutor asked the appellant if she ever told Sgt. Steve Klempa of the Temple Police Department certain things about what she and the deceased had been drinking. She testified that she did not remember. She was then asked if she recognized "what

has been marked State's Exhibit # 2", and she admitted that it bore her signature. Appellant objected that the prosecutor was reading a statement which had not been offered. She was then asked if she told Officer Klempa that she fired twice. She replied that she did not remember. The prosecutor then said, "It is right here in the statement, Mrs. Hugley. I then shot my husband two times with a pistol. Now did you tell Sgt. Klempa that?" Again the appellant replied that she did not remember.

Sgt. Klempa was not called to testify. There is nothing in the record to show that appellant had in fact ever talked to Sgt. Klempa. The State did not offer State's Exhibit # 2, appellant's purported statement, into evidence, and there was no showing that the requirements of Article 38.22, V.A.C.C.P. had been met.

In Whiddon v. State, supra, we were faced with a similar set of circumstances. There we said that reversal was required when the trial court permitted the impeachment of the appellant from a confession which was not shown to meet the requirements of Art. 38.22, supra.

In view of the fact that the State made no effort to show that the requirements of Art. 38.22, supra, had been met, we must hold that Whiddon v. State, supra, is controlling and calls for a reversal of this case. See also Butler v. State, supra, and Martinez v. State, Tex.Cr.App., 498 S.W. 2d 938.

But there is more. During the argument the prosecutor said "—but the defendant herself told the police that there were two shots. She shot him twice." To appellant's objection the court replied, "Well, the jury is the best judge of what the facts are. Overrule the objection." Had the court sustained the objection and instructed the jury to disregard, another question might have been presented.

Clearly the prosecutor was outside the record and stated a fact that was injurious to the appellant. This also calls for a reversal of this conviction.

For the reasons stated, the judgment is reversed and the cause remanded.

ROBERTS and ODOM, JJ., concur in the results.