Humberto R. GIRON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–84–0641–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 11, 1985.

Brian W. Wice Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Winston E. Cochran, Jr., Karen McAshan, Harris County Asst. Dist. Attys., Houston, for appellee.

Before SAM BASS, LEVY and JACK SMITH, JJ.

## OPINION

JACK SMITH, Justice.

A jury convicted the appellant of the offense of murder, and assessed his punishment at 25 years confinement and a $5000 fine. Appellant alleges error by the trial court in admitting evidence of an extraneous offense, in admitting oral statements made by the appellant to a court-appointed psychiatrist, and in not permitting the translator to make full translations of some of appellant's answers to cross-examination.

Although the sufficiency of the evidence is not questioned, a short recitation of the facts will enable a clearer understanding of the grounds of error raised on appeal.

The appellant and the deceased had lived together, but apparently had a difficult and oftentimes stormy relationship. The appellant testified that the decedent had left him several times, stayed with other men, stole from him and told him that she wished to marry him and have a church wedding but refused to do so without the blessing of the church.

The appellant testified that he had recently returned from Guatemala at the urging of the decedent. He said that she had told him she wanted to get married soon and that they were going to have counseling. The night before the last counseling session, appellant stated that he slept in his car parked near the church and near the house where the decedent was staying. The next morning, after the pastor had refused to give his consent to the marriage, the decedent hit the appellant. This incident occurred shortly before the killing.

Appellant also testified that during a time when they were having their difficulties he had become ill when he had twice found the decedent with another man. He also testified that because of these problems he would lose consciousness on the street. He stated that he went to a healer who told him the woman was hurting him. This same healer also told him that she had healed him. He stated that, on the day he shot the decedent, he did not know what happened after they had struggled and therefore did not act knowingly and intentionally.

■ In his first ground of error, the appellant contends that the trial court

erred in admitting, over objection, evidence of an extraneous offense. The complained of testimony was that the appellant had put the decedent in his car, left decedent's two young daughters crying on the sidewalk, and had driven her to Kingsville, Texas. This incident occurred one or two months before the charged offense.

We are of the opinion that the complained of evidence was not an extraneous offense. There is no evidence that the decedent did not want to accompany the appellant to Kingsville, or that she ever complained to the authorities about the appellant's actions. To the contrary, after this incident, the decedent urged the appellant to return from Guatemala because she wanted to marry him.

■ Even if the objectionable evidence were to be considered an extraneous offense, the evidence was still properly admitted. In prosecutions for murder, relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the decedent, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the offense are admissible. Tex.Penal Code Ann. sec. 19.06 (Vernon 1974). The trip to Kingsville and how it occurred presented relevant facts and circumstances to the jury of the on-again off-again love affair between the appellant and the decedent, which ultimately resulted in her death. This testimony not only depicted their previous relationship, but also described one of the many incidents showing appellant's frustrations and love for the decedent. The appellant's first ground of error is overruled.

In his ground of error two, the appellant contends that the trial court erred in permitting the prosecutor, over defense counsel's objection, to cross-examine appellant as to oral statements allegedly made to a court-appointed psychiatrist, arguing that this violated articles 46.02, sec. 3(g) and 38.22 of the Texas Code of Criminal Procedure.

■ Appellant raised no objection at trial based on art. 46.02, so nothing is preserved for appeal on that issue. *Nelson v. State*, 607 S.W.2d 554, 555 (Tex.Crim.App. 1980). He did make an objection under art. 38.22 and cites as authority for his position *Martinez v. State*, 498 S.W.2d 938 (Tex. Crim.App.1973). *Martinez*, however, is no longer a valid authority on the construction of art. 38.22 because that article has been amended twice since *Martinez*, the latest being effective September 1, 1981. Prior to the 1981 amendment, sec. 3(a) expressly prohibited the admission of an accused's custodial oral statement for impeachment purposes unless the recording requirements were met. The Court of Criminal Appeals held that sec. 5, which allows the use of oral statements for impeachment purposes, did not override the specific language of sec. 3(a). *Alfaro v. State*, 638 S.W.2d 891, 900 (Tex.Crim.App.1982). The 1981 amendment to art. 38.22 deleted the reference to impeachment in sec. 3(a), but sec. 5 was left intact permitting evidence of a voluntary oral statement if it bears on the credibility of the accused as a witness. We are of the opinion that the legislature, by the 1981 amendment, intended to exempt from the requirements of sec. 3(a) an accused's voluntary oral statements when used to impeach his testimony. *Clark v. State*, 668 S.W.2d 479, 480 (Tex.App.—Texarkana 1984, no pet.). Appellant's second ground of error is overruled.

■ In his final ground of error, the appellant complains that the trial court erred in not permitting the translator to fully translate appellant's answers during portions of his cross-examination by the prosecutor. He complains that when the trial court sustained an objection to an unresponsive answer, the translator should have been permitted to translate his entire answer because if he had been an English speaking witness the jury would have been able to hear his entire testimony despite the objection. This is an innovative argument; however, it has no merit because a proper motion will result in the trial court instructing the jury to disregard the nonresponsive or objectionable testimony.

The appellant also complains that his right to fully answer the questions was chilled by the stern admonishment of the trial court to confine himself to yes or no answers when the questions could be answered in that manner. We find no merit to this contention because the appellant, by his failure to follow the court's instructions, caused the court to give him a stern admonishment. In this connection, the court had repeatedly instructed the appellant that if he could answer questions in a yes or no manner, that he should do so. The appellant continued to ignore the court's instructions and finally the court advised him that if he continued to disobey the court's instructions he could be held in contempt of court. The court explained to him what punishment he could receive if he continued to ignore the court's instructions. We find that the court did not abuse its discretion in following the procedure it used. The appellant's third ground of error is overruled. The judgment of the trial court is affirmed.