COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

NUMBER 13-02-475-CR

THE STATE OF TEXAS,                                                     Appellant,

v.

PATRICK SCOTT KINGSBURY,                                            Appellee.
___________________________________________________________________

NUMBER 13-02-476-CR

THE STATE OF TEXAS,                                                     Appellant,

v.

INOCENTE MORALES DOMINGUEZ,                                     Appellee.
___________________________________________________________________

On appeal from the 404th District Court
of Cameron County, Texas.
__________________________________________________________________

O P I N I O N

Before Justices Rodriguez, Castillo, and Wittig



Opinion by Justice Rodriguez

         This is a cruelty to animals case. Pursuant to section 42.09 of the Texas Penal
Code, appellant, the State of Texas, filed a criminal action against appellees, Patrick
Scott Kingsbury and Inocente Morales Dominguez. See Tex. Pen. Code Ann. § 42.09
(Vernon 2003). The State alleged appellees tortured four dogs by leaving them
without food and water, which led to their deaths. The trial court found it lacked
jurisdiction because the indictment alleged only a misdemeanor. See Tex. Code Crim.
Proc. Ann. art. 4.05 (Vernon 1977).


 By one issue, the State contends the district
court committed reversible error in granting appellees’ motion to dismiss for lack of
jurisdiction. We affirm.
I. BACKGROUND
         Kingsbury purchased a number of dogs for the purpose of breeding and selling. 
He hired Dominguez to care for the dogs. Some time later, after an anonymous tip,
Cameron County Animal Control workers located approximately seventy-six of the
dogs purchased by Kingsbury; all were emaciated and dehydrated. The workers also
found the remains of several other dogs that had died of starvation. Both Kingsbury
and Dominguez were arrested and indicted for cruelty to animals. Tex. Pen. Code Ann.
§ 42.09 (Vernon 2003). The indictment alleged that appellees intentionally or
knowingly tortured four dogs by “leaving them without food and water to such an
extent as to cause the death of said dogs.” Appellees filed a motion to quash the
indictment and a motion to dismiss for lack of jurisdiction. The basis of appellees’
motions was that the indictment alleged felony torture but used, as the defining
element, language from the misdemeanor offense of failing to provide necessary food,
care, or shelter. The district court agreed and held that since the language in the
indictment closely tracked the language of the misdemeanor offense, the indictment
alleged a misdemeanor under the guise of a felony. Thus, the district court concluded
it lacked jurisdiction.
II. STANDARD OF REVIEW
         This is an issue of first impression in Texas that presents a question of statutory
interpretation. Matters of statutory construction are questions of law for the courts
to decide. Johnson v. City of Fort Worth, 774 S.W.2d 653, 656 (Tex. 1989). As
such, they are subject to de novo review. State Dept. of Hwys. & Pub. Transp. v.
Payne, 838 S.W.2d 235, 238-39 (Tex. 1992). “In construing a statute, our primary
objective is to determine and give effect to the Legislature’s intent.” Nat’l Liab. & Fire
Ins. Co. v. Allen, 15 S.W.3d 525, 527 (Tex. 2000). Our starting point is to look to
the plain and common meaning of the statute’s words, viewing its terms in context
and giving them full effect. Liberty Mut. Ins. Co. v. Garrison Contractors, Inc., 966
S.W.2d 482, 484 (Tex. 1998). If the language is unambiguous, we will interpret the
statute according to its plain meaning. State ex rel. State Dep’t of Hwys & Pub.
Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2000). We are mindful that “every
word in a statute is presumed to have been used for a purpose; and a cardinal rule of
statutory construction is that each sentence, clause and word is to be given effect if
reasonable and possible.” Perkins v. State, 367 S.W.2d 140, 146 (Tex. 1963). The
statute should be considered in its entirety when determining the meaning of its
component parts. See Bridgestone/Firestone, Inc. v. Glyn-Jones, 878 S.W.2d 132,
133 (Tex. 1994). We should also presume the Legislature intended a “result feasible
of execution” when it enacted the statute. In re Mo. Pac. R.R. Co., 998 S.W.2d 212,
216 (Tex. 1999). Other matters that may be considered in ascertaining the
Legislature’s intent include the objective of the law and the consequences of a
particular construction. See Tex. Gov’t Code Ann. § 311.023 (Vernon 1998);
McIntyre v. Ramirez, 109 S.W.3d 741, 745 (Tex. 2003). With these principles in
mind, we turn to the statutory language to be construed.III. ANALYSIS
         The language at issue from section 42.09 of the Texas Penal Code, Cruelty to
Animals, reads in relevant part:
(a)A person commits an offense if the person intentionally or
knowingly:
 
(1)tortures an animal; 
 
(2)fails unreasonably to provide necessary food, care, or
shelter for an animal in the person’s custody; 
 
(3)abandons unreasonably an animal in the person’s custody;
 
(4)transports or confines an animal in a cruel manner;
 
(5)kills, seriously injures, or administers poison to an animal,
other than cattle, horses, sheep, swine, or goats, belonging
to another without legal authority or the owner’s effective
consent;
 
(6)causes one animal to fight with another;
 
(7)uses a live animal as a lure in dog race training or in dog
coursing on a racetrack;
 
(8)trips a horse;
 
(9)injures an animal, other than cattle, horses, sheep, swine,
or goats, belonging to another without legal authority or the
owner’s effective consent; or
 
(10)seriously overworks an animal.
 
* * *
 
(d) An offense under Subsection (a)(2), (3), (4), (9), or (10) is a Class
A misdemeanor, except that the offense is a state jail felony if the
person has previously been convicted two times under this
section.


* * *
 
(g)An offense under Subsection (a)(1), (5), (6), (7), or (8) is a state
jail felony, except that the offense is a felony of the third degree
if the person has previously been convicted two times under this
section. . . .
 
Tex. Pen. Code Ann. §42.09 (Vernon 2003).
         The State contends the term “torture” includes a failure to provide necessary
food and water and, therefore, the indictment properly alleges a felony under
subsection (a)(1). In support of its argument, the State relies on Martinez v. State,
498 S.W.2d 938 (Tex. Crim. App. 1973); Johnson v. State, 465 S.W.2d 372 (Tex.
Crim. App. 1971); and State v. Woodward, 69 S.E. 385 (W. Va. 1910), cases
addressing torture of humans. The State also argues that a former statutory definition
of torture provides guidance. See Act of March 31, 1913, 33rd Leg., R.S., ch. 88,
1913 Tex. Gen. Laws 168, 170 repealed by Act of May 16, 1989, 71st Leg., R.S., ch.
678, § 13, 1989 Tex. Gen. Laws 2230, 3165 (defining torture of an animal as every
act, omission, or neglect whereby unnecessary or unjustifiable pain or suffering is
caused, permitted, or allowed to continue when there is a reasonable remedy or relief). 
This Court does not find either argument persuasive. 
A. The Plain Meaning and Structure of the Statute
         We start with the plain and common meaning of the statutory words. Garrison
Contractors, Inc., 966 S.W.2d at 484. This Court, in construing a statute, must give
effect to each sentence, clause, and word. See Perkins, 367 S.W.2d at 146. We will
not give an undefined statutory term a meaning that is out of harmony or inconsistent
with other provisions in the statute. See Tex. Dep’t of Transp. v. Needham, 82
S.W.3d 314, 318 (Tex. 2002). 
         When the law regarding cruelty to animals was codified in 1974, the Legislature
omitted the definition of torture. See Act of May 23, 1973, 63rd Leg., R.S., ch. 399,
§ 1, 1973 Tex. Gen. Laws 885. The term remains undefined in the present statute. 
Tex. Pen. Code Ann. §42.09 (Vernon 2003). It is evident, however, by a reading of
section 42.09, that “torture” is not meant to include failing to provide necessary food,
care, or shelter. The criminal acts of torture and failing to provide necessary food,
care, or shelter are assigned separate subsections, (a)(1) and (a)(2) respectively, and
are followed by eight other offenses. Tex. Pen. Code Ann. § 42.09 (Vernon 2003). 
When we give effect to each subsection, it is obvious that subsections (a)(1) and (a)(2)
each constitute an independent criminal act. A person commits animal cruelty by
intentionally or knowingly torturing an animal “or” by intentionally or knowingly failing
unreasonably to provide necessary food, care, or shelter. Tex. Pen. Code Ann. §
42.09(a)(1) & (2) (Vernon 2003). The plain language of the statute indicates that a
person can commit one criminal act “or” the other. The two acts are not dependent
on each other, nor do they bear any relation to one another. Because the two criminal
acts are read separately from each other, it would be incongruous to interpret “torture”
as encompassing a failure to provide necessary food, care, or shelter. While we are
not attempting to define what torture is, we are establishing, under the facts of this
case, what it is not. By finding that torture does not include any of the criminal acts
set out in subsections (a)(2) through (a)(10), we enable the term to have a meaning
which is in harmony and consistent with the other provisions of the statute. See
Needham, 82 S.W.3d at 318.
         In determining the relationship between subsections (a)(1) and (a)(2), we also
look at the statute as a whole. See Glyn-Jones, 878 S.W.2d at 133. Section 42.09,
when read in its entirety, provides that a person may commit animal cruelty,
punishable as a felony, by torturing an animal. See Tex. Pen. Code Ann. § 42.09 (a)(1)
& (g) (Vernon 2003). The statute also states that a person may commit animal
cruelty, punishable as a class A misdemeanor, by failing to provide necessary food,
care, or shelter for an animal. See id. §42.09 (a)(2) & (d). The lesser punishment
attached to the latter criminal act further supports our conclusion that the two
offenses are distinct. The language of the entire statute indicates the Legislature
meant to clearly categorize those particular offenses it felt warranted an increased
penalty and those that did not. In doing this, it left the crime of failing to provide
necessary food, care, or shelter for an animal as a misdemeanor. See id. This criminal
act is not punished as severely as torture. Therefore, we conclude that failing to
provide an animal with necessary food, care, or shelter is not torture as that term is
used in section 42.09(a)(1). Tex. Pen. Code Ann. § 42.09 (Vernon 2003)B. Consequences of Overbroad Interpretation
         Interpreting section 42.09 as the State urges would undermine the statute’s
purpose. Allowing the felony offense of torture to include the misdemeanor offense
of failing to provide necessary food, care, or shelter would have the effect of enabling
the State to bring a felony charge of torture for any of the criminal acts listed under
subsection 42.09(a). See Tex. Pen. Code Ann. § 42.09 (Vernon 2003). For example,
unreasonably abandoning an animal could also be considered “torture,” as could
seriously overworking an animal. The State would ultimately be able to circumvent the
express language of subsection (d). See id. § 42.09 (d). Instead of five misdemeanor
criminal acts and five felony acts, there would in effect be ten acts capable of carrying
a felony punishment. This result defeats the statute’s categorization of “torture” as
a more serious crime. This Court is not willing to interpret the statute in this manner. 
IV. CONCLUSION
         Accordingly, we find the criminal act of failing to provide necessary food, care,
or shelter for an animal does not constitute the felony offense of torture. The two
criminal acts are separate and distinct from one another. Therefore, the indictment,
by alleging torture by failing to provide food and water, did not sufficiently allege a
felony under section 42.09(a)(1). Instead, the indictment charged appellees with a
misdemeanor under section 42.09(a)(2). Tex. Pen. Code Ann. § 42.09 (Vernon 2003). 
We conclude the district court lacked jurisdiction. See Tex. Code Crim. Proc. Ann. art.
4.05 (Vernon 1977).


 We affirm the judgments of the trial court.
                                                                                                
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice


Separate Opinion by Justice Castillo will follow.

Publish.
Tex. R. App. P. 47.2(b).

Opinion delivered and filed
this 19th day of February, 2004.