## ALTON YOUNG v. THE STATE.

No. 20089. Delivered January 25, 1939.

The opinion states the case.

*L. G. Mathews,* of Floydada, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The conviction is for simple assault; penalty assessed at a fine of $22.50.

The appellant was charged by complaint and information with an aggravated assault upon Alice Louise Fuller, he being an adult male and she being a female.

Under the terms of the statute, (Art. 1147, subd. 5, P. C.) an assault becomes aggravated when committed by an adult male upon the person of a female, or a child.

The State's evidence in the instant case is to the effect that the prosecutrix was riding in an automobile with the appellant; that the car gave out of gasoline. While parked on the highway, the appellant began choking the prosecutrix. She jumped out of the car and ran, but was overtaken by the appellant. He then took her to a "little hollow" or ravine close to a windmill and had intercourse with her.

According to the testimony of the appellant, he and two companions were riding in a car from Floydada to Paducah; that on their way they picked up a girl who was "hitch-hiking" and carried her with them to Paducah. While there they went to a place and drank some beer. They next went to an ice cream parlor. After that they went to a hotel and to the home of one Robert Johnson. While at the home of Johnson the prosecutrix asked that they buy some whisky. They made an effort to purchase some whisky but failed to do so. They then left Paducah and went back to Matador. The prosecutrix began cursing the appellant and his companions because of their failure to purchase some whisky. Their car gave out of gasoline and had to be pushed to a gasoline station. While at the filling station the prosecutrix started cursing again. They put her out of their car, paid for the gasoline and started on back to Floydada. Appellant denied having any intercourse with the prosecutrix. However, he admitted on cross-examination that he "loved her up" and "propositioned her"; that she did not make any objection to being "loved up" but that "she got mad when he asked her for a piece."

The transcript in this cause is in an unusual and peculiar condition. We find certain statements or alleged confessions

therein marked filed by the county clerk. A statement purportedly made by the appellant is not signed at all, and the other two statements are signed one by Louie Gee and the other by Wyart Pierce who were companions of appellant in the ride when the mistreatment of the complaining witness was alleged to have happened. These statements all appear to have been filed, and no further showing relative to whether or not they were read to the jury. We confess that we are at a loss to understand just why they should appear in the transcript.

Appellant's bill of exceptions No. 1 complains of the testimony of witness Wyart Pierce relative to a remark made by a certain bystander who, it appeared, was driving a pick-up automobile and was attempting to push appellant's automobile in which appellant and the complaining witness were seated, such testimony being as follows: "While we were stopped out there in the road out of gas a pickup came up behind us to push us, and the man in the pickup made some remark about what in the world was going on in that car. The car that he was talking about was ten or twelve steps or something like that in front of the man that was talking, who was in the pickup. He said he wished that fellow would go on and do it to her. He further said what is that fellow trying to do to that woman or something like that. At that time the defendant was in the front car with the windows up ten or twelve steps from us. I don't know whether he heard it or not."

This quoted statement of the bystander seemed to have been a casual remark made by him, and while he would doubtless have been allowed to testify as to what he saw, we are loath to say that his casual remark could rise to the dignity of res gestae, and thus avoid the prohibition against hearsay testimony. We do not think this testimony admissible.

The second bill of exceptions relates to the testimony of Wyart Pierce concerning the witness' own personal conduct with the complaining witness outside the presence of the defendant and in another and different county from wherein this prosecution was laid. This does not seem to us to have been proper testimony. True it might have shown a certain amount of guilt upon the part of the witness, but the witness was not on trial, and such conduct should not have been indulged in. It is further true that when asked the question as to whether the witness had gotten the girl drunk and then forced her to submit to him, the witness entered a denial thereof. Nevertheless the question was an improper one and should not have been asked.

Bill of exceptions No. 3 relates to a further question pro-

pounded to the witness Pierce, as follows: "When you boys put your eyes on that woman your smooty minds felt that you were going to use a woman for your own passion and purpose?" The witness answered the question "No sir," but we can see no reason for the asking of this question to this witness. He was not charged with this offense neither alone nor acting together with the appellant, and we do not think the witness should have been called upon to tell what was in his own mind, and he certainly was unable to say what was in the minds of the other boys. To the same effect is bill of exceptions No. 4. It is concerned with what Wyart Pierce was trying to do with this unfortunate girl, and is not connected with the complained of acts of the appellant in any way.

Bill of exceptions No. 5 complains of the county attorney reading from some kind of a statement claimed to have been made by appellant before the district attorney, which statement had not been signed by the appellant, but which it was claimed was made while he was under arrest. In the condition that we find this bill we are justified in saying that such a statement has no significance nor legal strength, it being but something written on a piece of paper, signed by no one, but doubtless having been intended as a confession on the part of appellant while under arrest, and which he refused to sign. We can see no legal reason for its introduction, either as a whole instrument or any part thereof, and the proceedings set forth in such bill evidence error.

For the error discussed this judgment is reversed and the cause remanded.