Jewel Leslie **COLEMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 68658.

Court of Criminal Appeals of Texas, En Banc.

July 13, 1983.

Donald W. Rogers, Jr., court appointed on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and James C. Brough, R.K. Hansen, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of burglary; the punishment, which is enhanced by a prior felony conviction, is imprisonment for 30 years.

In rebuttal, to impeach the appellant, the State offered the testimony of Detective E.J. Mikeal; it is asserted that this testimony concerning an oral statement appellant made to Mikeal was erroneously admitted, because the appellant's statement was obtained by custodial interrogation in violation of Article 38.22 V.A.C.C.P.

The appellant was caught coming down from the roof of a pawn shop which had just been burglarized from the roof by entry through air conditioning duct work. Stolen property taken from the pawn shop was on the roof. The appellant's clothing had insulation on it similar to that in the duct work. The appellant testified that he had gone into an alley behind the burglarized pawn shop to get water from a hydrant to put in the leaky radiator of his truck. He denied that he had been on top of the pawn shop building, and he denied participation in the burglary. He also testified that he did not tell Detective Mikeal that he had nothing to say other than he had committed the burglary on the spur of the moment.

In rebuttal the testimony of Detective E.J. Mikeal was admitted over objection to impeach the appellant. Mikeal testified that he had a conversation with the appellant while he was in custody on February 25 or 26, 1980. The appellant had nothing to say other than he had committed the burglary on the spur of the moment. The State argued that the oral statement was admissibly to impeach the appellant under the provisions of Article 38.22, Section 5 V.A.C.C.P., and it was apparently admitted for that reason by the trial judge.

Our decision in this appeal is controlled by *Alfaro v. State*, 638 S.W.2d 891 (Tex.Cr. App.1982), decided after this case was tried.

In *Alfaro v. State,* supra, after full discussion of the statutory provisions, it was said: "[W]e hold that as amended in 1977, V.A. C.C.P., Article 38.22, Section 3, controls over Section 5. An oral statement made by the accused as a result of custodial interrogation during the effective dates of that statute (August 29, 1977 through August 31, 1981) is admissible only for impeachment purposes and only when the statement is shown to comply with the six specific requirements contained in Section 3. V.A.C.C.P., Article 38.22, Section 5, applies to statements other than oral custodial statements made by the accused." Pp. 900–901.

The statement made to Detective Mikeal was in response to custodial interrogation and it was not reduced to writing. It was not admissible under the provisions of Article 38.22, Section 5 V.A.C.C.P. *Alfaro v. State,* supra. The requirements of Article 38.22, Section 3 V.A.C.C.P. were not shown to have been met. The appellant's oral statement that he had committed the burglary was not admissible even for the purpose of impeachment. The admission of this evidence requires reversal of the judgment. *Alfaro v. State,* supra.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.