Wallace DEBES, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 68759.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 14, 1983.

Walter M. Sekaly, Beaumont, for appellant.

James S. McGrath, Dist. Atty., and R.W. Fisher, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of indecency with a child; the

punishment, which is enhanced by a prior felony conviction, is imprisonment for 20 years.

After the appellant testified in his own defense, testimony concerning an oral, custodial statement he had made to Detective Sergeant Frank Coffin was admitted to impeach appellant; admitting this testimony without showing it met the requirements of Article 38.22, Section 3 V.A.C.C.P. was reversible error.

The State offered evidence to show the appellant, with the intent to gratify his sexual desire, engaged in sexual contact by touching the genitals of the juvenile complainant. The appellant in his defense denied he had touched the genitals of the complainant and offered his version of what had occurred. He testified he was approached by the complainant who offered to sell him some marihuana. He and the complainant then went to a restaurant to eat. During their conversation he was asked to take a photograph of the juvenile while nude. The juvenile offered to pay him for taking the photograph as the juvenile was going to sell the photograph to a man in Houston. The appellant agreed to take the photograph. While he was attempting to take the picture of the complainant in the back seat of his car, police came to the scene and appellant said he quickly removed the film from the camera. On cross-examination the appellant repeated his testimony on direct examination and denied he had ever told a different story about the matter.

In rebuttal the prosecutor urged the admissibility of Officer Coffin's testimony that appellant had made an oral custodial statement which differed from appellant's trial testimony. It was argued that Coffin's testimony was admissible under the then recent amendment of Article 38.22 V.A.C.C.P.: "merely to impeach the testimony and reflect on the veracity of the defendant's testimony given in court yesterday." Officer Coffin testified that he was asked by Detective Tatum to assist in the interrogation of the appellant who was then confined in jail. The appellant was interrogated in an interview room while he was in custody on August 26, 1978.

The court, after hearing the testimony in the absence of the jury, ruled the testimony admissible before the jury, stating that the statute specifically provided for its admissibility. This case was tried well before this court's opinion was delivered in *Alfaro v. State*, 638 S.W.2d 891 (Tex.Cr.App.1982). Although the State urges that this matter is raised for the first time on appeal, the record shows the appellant objected to the testimony being admitted and that there was a consideration and discussion of case law and Article 38.22 V.A.C.C.P. before the appellant's statement was ruled admissible.

Coffin was allowed to testify before the jury that the appellant first told him he had a business arrangement to furnish a man in Houston with pornographic photographs and that he had offered the complainant money to take his photograph to sell to the man in Houston. When Coffin questioned the appellant about there being no film in the camera, the appellant was very surprised, and after that he changed his story. The appellant then admitted he had used the camera without film and pornographic material to induce the complainant to undress. "At first he told me he only wanted to see the juvenile undressed, and then he admitted to me that he had fondled the juvenile."

In *Alfaro v. State,* supra, there is a full discussion of the conflict in Sections 3 and 5 of Article 38.22 V.A.C.C.P., and the Court concluded:

> "[W]e hold that as amended in 1977, V.A. C.C.P., Article 38.22, Section 3, controls over Section 5. An oral statement made by the accused as a result of custodial interrogation during the effective dates of that statute (August 29, 1977 through August 31, 1981) is admissible only for impeachment purposes and only when the statement is shown to comply with the six specific requirements contained in Section 3. V.A.C.C.P., Article 38.22, Section 5, applies to statements other than oral custodial statements made by the accused."

The statement made to Officer Coffin on August 26, 1978, was in response to custodial interrogation and it was not reduced to writing. It was not admissible, even to impeach the appellant, since the requirements of Section 3 of Article 38.22 V.A.C.C.P. had not been met. *Alfaro v. State,* supra; *Coleman v. State,* 653 S.W.2d 445 (Tex.Cr.App.1983).

The judgment is reversed and the cause is remanded to the trial court.