Charles Henry ROBINSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–83–00561–CR.

Court of Appeals of Texas,
San Antonio.

Nov. 14, 1984.
Rehearing Denied Dec. 6, 1984.

Edward J. Mihalko, San Antonio, for appellant.

Sam Millsap, Jr., Dist. Atty., Patrick L. Moran, Mario Bordini, Charles Estee, Asst. Criminal Dist. Attys., San Antonio, for appellee.

Before CANTU, REEVES and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a conviction for attempted murder. The jury found appellant guilty as charged and assessed punishment at eight years' confinement plus a fine of $800.00.

■ Appellant stabbed the complainant while engaged in a knife fight. He claims he was acting in self-defense and that the complainant was the instigator. The sufficiency of the evidence is not challenged. Appellant first complains that the trial court erred in admitting, over objection, his oral statement made while he was under arrest, for impeachment, without a proper predicate. His specific complaint alleges that an oral statement made by the accused as a result of custodial interrogation is admissible for impeachment purposes only when the statement complies with the six requirements of TEX.CODE CRIM.PROC. ANN. art. 38.22, § 3 (Vernon 1979). Under § 5 of article 38.22, *supra*, a voluntary statement, whether or not the result of custodial interrogation, that has a bearing upon the credibility of the accused as a witness is admissible in evidence for impeachment purposes. Prior case law held that the specific requirements of § 3(a) controlled over the general provisions of § 5 and thus, the admissibility of an oral statement for impeachment purposes was subject to strict compliance with the specific six requirements of § 3(a). *Debes v. State*,

662 S.W.2d 1, 2 (Tex.Crim.App.1983) (en banc); *Alfaro v. State*, 638 S.W.2d 891, 900 (Tex.Crim.App.1982). But article 38.22, *supra*, was amended effective September 1, 1981, and the applicability of § 3(a) for impeachment purposes was deleted. The provisions of § 5 were not disturbed. *See Clark v. State*, 668 S.W.2d 479, 480 (Tex. App.—Texarkana 1984, no pet.). In this case the oral statement had a direct bearing upon the credibility of appellant as a witness and was used for impeachment purposes. Ground of error one is overruled.

■ On the second and third grounds of error appellant asserts reversible error in that he was not allowed to cross-examine the complainant concerning his arrest record, aggressiveness and penchant for fighting for impeachment purposes. Under TEX.CODE CRIM.PROC.ANN. art. 38.29 a witness may be impeached by proof of a final conviction of a felony or misdemeanor involving moral turpitude. Such offenses must not be so remote in time as not to be relevant to present credibility of witnesses. *Taylor v. State*, 612 S.W.2d 566, 572 (Tex.Crim.App.1981). Complainant in this case testified he had never been convicted of a felony and when appellant sought to question him about prior arrests, the court sustained the State's objection. Evidence of pending charges is admissible for the limited purpose of showing bias, prejudice, interest or motive of the State's witness. *Randle v. State*, 565 S.W.2d 927, 931 (Tex.Crim.App.1978). But in this case appellant never advised the court that his cross-examination concerning prior arrests of the witness was for the purpose of showing bias, prejudice, interest or motive. *See Moreno v. State*, 587 S.W.2d 405, 411 (Tex.Crim.App.1979). The witness denied the existence of any pending charges which the State agreed to dismiss in exchange for his testimony. Appellant did not perfect a bill of exceptions. The second and third grounds of error are overruled.

■ In the last assertion of error appellant contends that the court erroneously

permitted the State, over objection, to impeach him with a remote prior conviction. Appellant testified raising the self-defense issue and the court, over objection, allowed the State to impeach his testimony by cross-examination as to a prior conviction for statutory rape. The record indicates that appellant's prior conviction occurred in 1973; he was released from confinement in 1976 and trial on the case at bar was held in October 1983. The witness generally places his credibility in issue and his credibility may be impeached by proof that the witness has been previously convicted of a felony or misdemeanor involving moral turpitude; however, such offense must not be so remote in time so as not to be relevant to the present credibility of the witness. *Taylor, supra.* The issue of remoteness is determined by the time between the date of release from confinement and the date of the witness' testimony. *Miller v. State,* 549 S.W.2d 402, 403 (Tex.Crim.App.1977). The question of whether a conviction of less than ten years is too remote is a matter within the discretion of the trial court. *Davis v. State,* 545 S.W.2d 147, 150 (Tex. Crim.App.1976). Appellant, having chosen to testify, placed his credibility as a witness was in issue. The trial court did not abuse its discretion in allowing the State to inquire as to his prior conviction for felony. Ground of error four is overruled.

The judgment is affirmed.

REEVES, J., concurs in result without opinion.

CANTU, Justice, dissenting.

The majority opinion incorrectly characterizes the statement used by the State prosecutor as an oral statement. There is nothing in the record to support the contention that the statement was oral. To the contrary, the prosecutor mesmerized the trial court into permitting impeachment

with the statement by assurances that he was using a written prior inconsistent statement. The State still argues that impeachment was proper because the statement was written and satisfied the requirements of TEX.CODE CRIM.PROC.ANN. art. 38.22, § 2.

In truth, the statement is an *unsigned* statement apparently taken from appellant and which he refused to sign. It cannot, therefore, assume the status of a statutorily admissible statement.[1]

Furthermore, no attempt was ever made by the State to show that appellant ever related the contents of this particular instrument to anyone. *Cf. Hugley v. State,* 505 S.W.2d 914 (Tex.Crim.App.1974).

The majority's attempt to make the use of the statement admissible for impeachment under article 38.22, § 5 must be based upon the unsupported assumption that the statement was voluntarily given.

The burden was upon the State to show its voluntary nature and it failed to even show it was given. *See Whiddon v. State,* 492 S.W.2d 566 (Tex.Crim.App.1973); *Hugley v. State, supra.* Section 5 of article 38.22 can give the State little consolation. I would hold that the court reversibly erred in permitting the State to use an unsigned written statement for impeachment purposes.[2] *Young v. State,* 136 Tex.Cr.R. 149, 124 S.W.2d 144 (1939). I dissent.

---

1. Article 38.22, § 1.

   In this article, a written statement of an accused means a statement signed by the accused or a statement made by the accused in his own handwriting or, if the accused is unable to write a statement bearing his mark, when the mark has been witnessed by a person other than peace officer.

2. The harm from the use of the statement before the jury becomes obvious when it is noted that the prosecutor accused appellant of perjury as he resisted the State's use of the statement.